**MISSION CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, Appellant,**

v.

**Efren FLORES, Sr., Appellee.**

**No. 13–00–432–CV.**

Court of Appeals of Texas, Corpus Christi.

Feb. 1, 2001.

Cobby Caputo, Kaye K. Feist, Schwartz & Eichelbaum, Austin, for Appellant.

Stephen Dietz, McAllen, for Appellee.

Before Justices HINOJOSA, YAÑEZ, and CHAVEZ.[1]

## OPINION

Opinion by Justice HINOJOSA.

Appellant, Mission Consolidated Independent School District, appeals from the trial court's order denying its pre-trial plea to the jurisdiction.[2] We affirm.

Appellee, Efren Flores, Sr., sued the school district alleging his employment was terminated in retaliation for filing a workers compensation claim. *See* TEX.LAB. CODE ANN. § 451.001 (Vernon 1996). Flores, who was employed by the school district as a bus driver, sustained an on-the-job injury to his knee in December, 1995. He returned to work on modified duty for a short time in February, 1996, then underwent knee surgery in March, 1996. Flores made a claim for and received workers compensation benefits. He was released for modified duty on September 2, 1996. In his first amended petition, Flores alleged that:

> [f]ollowing the injury, Plaintiff was subjected to a hostile and offensive work environment.... Thereafter, on or about September 6, 1996, the Defendant discharged Plaintiff. The Defendant refused, however, Plaintiff's request that the decision of discharge be made in writing. The reason first verbally given

---

1. Retired Justice Melchor Chavez, assigned to this Court by the Chief Justice of the Texas Supreme Court pursuant to TEX.GOV'T CODE ANN. § 74.003 (Vernon 1998).

2. An appeal may be taken from an interlocutory order of a district court denying a plea to the jurisdiction by a governmental unit. TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (Vernon Supp.2001).

by Defendant for the discharge was that the District did not have any available positions for him. Plaintiff alleges that the reason given was merely a pretext. In truth, Defendant wrongfully discharged and discriminated against Plaintiff in violation of 451.001, et seq., Texas Labor Code, because he was pursuing in good faith a claim under the Texas workers compensation laws. Following the discharge, Plaintiff attempted to withdraw his retirement funds. Defendant, however, then contended that Plaintiff had not been discharged and insisted that Plaintiff must first give his written resignation before he would be allowed to withdraw his funds. Defendant has persisted in this position ("Plaintiff was never officially terminated") to this date. Plaintiff refused to resign.

Flores further alleged the trial court had jurisdiction of the suit because under the circumstances of his discharge, there was no administrative process available to him for redress of the discrimination and discharge because (1) the school district maintained Flores's employment was not terminated, (2) the grievance process did not apply to at-will employees such as Flores, and (3) the grievance procedure did not include claims of discrimination and discharge in retaliation for filing a workers compensation claim. Flores also alleged that his case was an exception to the general requirement of exhaustion of remedies because the school district acted without express or implied statutory authority and contrary to statutory law in discriminating against him.

The school district filed a pre-trial plea to the jurisdiction, asserting the trial court did not have jurisdiction to hear the case because Flores had failed to exhaust his administrative remedies. The school district further alleged that Flores had made allegations in his amended petition "that are false and were made simply to confer jurisdiction on this Court."

■■■ The plaintiff bears the burden of alleging facts affirmatively demonstrating the trial court's jurisdiction to hear a case. *Texas Ass'n of Business v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex.1993); *El Paso Community Partners v. B & G/Sunrise Joint Venture*, 24 S.W.3d 620, 623 (Tex.App.—Austin 2000, no pet. h.). The jurisdiction of a trial court over the subject matter of a case is determined from the good-faith factual allegations contained in the plaintiff's pleadings. *Curbo v. State*, 998 S.W.2d 337, 341 (Tex.App.—Austin 1999, no pet.) (citing *Brannon v. Pacific Employers Ins. Co.*, 148 Tex. 289, 224 S.W.2d 466, 469 (1949)). The trial court must construe the plaintiff's pleadings liberally in favor of jurisdiction. *Peek v. Equip. Serv. Co.*, 779 S.W.2d 802, 804 (Tex.1989).

■■■ A plea to the jurisdiction challenges a court's authority to hear a case by alleging that the factual allegations in the plaintiff's pleadings, when taken as true, fail to invoke the court's jurisdiction. *Bybee v. Fireman's Fund Ins. Co.*, 160 Tex. 429, 331 S.W.2d 910, 917 (1960); *El Paso Community Partners*, 24 S.W.3d at 623. The factual allegations relating to jurisdictional prerequisites must be taken as true unless the defendant pleads and proves that they were fraudulently made to confer jurisdiction. *Curbo*, 998 S.W.2d at 341; *Austin Home Ctr. Assocs. v. State*, 794 S.W.2d 593, 594 (Tex.App.—Austin 1990, no writ); *Flowers v. Lavaca County Appraisal Dist.*, 766 S.W.2d 825, 827 (Tex.App.—Corpus Christi 1989, writ denied). Pleadings relevant to a review of a plea to the jurisdiction include amended petitions and responses filed in connection with the plea. *Janik v. Lamar Consol. Indep. Sch. Dist.*, 961 S.W.2d 322, 324 (Tex.App.—Houston [1st Dist.] 1997, writ denied).

In summary, to successfully challenge at the pre-trial stage a trial court's jurisdiction to hear the subject matter of a plaintiff's claim, the defendant must demonstrate either that: (1) the plaintiff's pleadings, taken as true, affirma-

tively establish that the court does not have subject-matter jurisdiction, or (2) the plaintiff pleaded fraudulently or in bad faith with the purposes of conferring jurisdiction where under the true facts the court would not have it.

*Curbo,* 998 S.W.2d at 342.

■ According to the evidence adduced at the hearing on the plea to the jurisdiction, the school district used the 1994–95 Personnel Handbook for the 1995–96 school year. Even though several amendments were made in 1995 to the policies enumerated in the 1994–95 handbook, the school district did not print or distribute a new handbook to its employees during the 1995–96 school year. As an hourly transportation employee, Flores was classified as "support" personnel. A section of the Personnel Handbook entitled "Termination of Employment for Support Personnel" states that a support personnel employee:

> may appeal the decision for dismissal through administrative channels but is not entitled to a personnel hearing before the Board unless constituted [sic] rights have been violated. The employee may appeal a decision of dismissal to the Superintendent.

This section explicitly applies only to an employee whose employment has actually been terminated. However, it is the school district's position that it never terminated Flores's employment.

Another section of the Personnel Handbook, entitled "Grievance Procedure for Professional Personnel," sets out grievance procedures for complaints of professional employees such as teachers and administrators. However, there is no equivalent section for support personnel.

The school district contends that its policy DGBA (LOCAL), which was adopted on December 12, 1995 by its Board of Trustees, is the applicable grievance procedure Flores should have followed. In a section entitled "Definition," policy DGBA states:

> [a] complaint under this policy shall include grievances concerning an employee's wages, hours, or conditions of work and specific allegations of unlawful discrimination in employment on the basis of sex (including allegations of sexual harassment), race, religion, national origin, age or disability, or on the basis of the employee's exercise of constitutional rights. A complaint must specify the individual harm alleged.

Another section prohibits retaliation against an employee "for bringing a complaint under this policy." Yet another section, entitled "Whistleblower Complaints," delineates the procedure for employees alleging unlawful discrimination in retaliation for reporting a violation of law to an appropriate authority. However, there is no specific section or procedure for complaints of actual or constructive dismissal in retaliation for the filing of a workers compensation claim.

The school district also asserts that its policy DCD, which was also adopted on December 15, 1995, applies to Flores. Policy DCD provides in part that any dismissed employee (including teachers, paraprofessionals and "auxiliary personnel") "may request to be heard by the Board in accordance with policy DGBA (LOCAL)."

Policy DGBA (LOCAL) also provides that:

> The principal of each campus and other supervisory personnel shall ensure that all employees under their supervision are informed of this policy. Employees shall be provided a copy of the policy at the time of employment and whenever it is revised.

The school district admits that after the adoption of policies DGBA (LOCAL) and DCD, it did not prepare or disseminate a new personnel handbook to employees and that it continued to use the old 1994–95 handbook.

Given the conflicting evidence presented at the hearing concerning which policy applied to Flores's situation, the scope of those policies, and whether Flores ever received proper notice of any applicable

changes in grievance procedures, we hold the school district failed to meet its burden of proving either: (1) that the facts pleaded by Flores were insufficient to convey jurisdiction, or (2) that they were pleaded fraudulently or in bad faith for the purpose of conveying jurisdiction on the trial court. Therefore, the trial court did not err in denying the school district's pre-trial plea to the jurisdiction.

The trial court's order denying Mission Consolidated Independent School District's pre-trial plea to the jurisdiction is affirmed.