**CITY OF PASADENA, Appellant,**

v.

**ENVIRONMENTAL INFRASTRUC-TURE GROUP, L.P., et al., Appellees.**

No. 13–05–253–CV.

Court of Appeals of Texas, Corpus Christi–Edinburg.

March 16, 2006.

William S. Helfand, Barbara E. Roberts, Kevin D. Jewell, Chamberlain, Hrdlicka, White, Williams, & Martin, Houston, for Appellant.

Angela Kay Lutz, Jared Isaac Levinthal, Vinson & Elkins, David L. Countiss, C. Clay Haden, Attorney at Law, David W. Waddell, Seyfarth Shaw, L.L.P., William K. Luyties, Lorance & Thompson, Christina M. Putman, George E. Cire, Houston, for Appellees.

Before Justices CASTILLO, GARZA, and WITTIG.[1]

22. TEX. CIV. PRAC. & REM.CODE ANN. § 101.057(2).

1. Retired Fourteenth Court of Appeals Justice Don Wittig was assigned to this Court by the

## MEMORANDUM OPINION

Memorandum Opinion by Justice DON WITTIG (Retired).

The City of Pasadena, appellant, brings this interlocutory appeal of the trial court's denial of its plea to the jurisdiction. The plea was premised upon the assertion the trial court lacked subject matter jurisdiction because of sovereign immunity. We affirm the trial court's ruling.

### I. Standard of Review

■ This court has jurisdiction to review the interlocutory order denying appellant's plea to the jurisdiction. Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(8) (Vernon 2004). We review the trial court's order de novo. *Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 938 (Tex.1998). The facts and background are known to the parties and will not be reiterated. *See* Tex.R.App. P. 47.4.

### II. Discussion and Holding

Appellant argues that its charter language allowing it to "sue and be sued" does not waive immunity. Appellee, Kinsel Industries, Inc., argues the trial court appropriately relied upon the law within its jurisdiction. We agree.

■ In denying appellant's plea to the jurisdiction, the trial court expressly relied upon Texas Local Government Code section 51.075 (municipality may plead and be impleaded in any court) and three opinions from Houston's two courts of appeal. *See* Tex. Loc. Gov't Code Ann. § 51.075 (Vernon 1999). Our own review indicates that a statute which provides that a certain state entity can "sue and be sued" meets the legislative permission requirement that

Chief Justice of the Supreme Court of Texas pursuant to the government code. Tex. Gov't

waives immunity from suit. *Mo. Pac. RR. Co. v. Brownsville Navigation Dist.,* 453 S.W.2d 812, 813 (Tex.1970); *see City of Alton v. Sharyland Water Supply Corp.,* 145 S.W.3d 673, 680 (Tex.App.-Corpus Christi 2004, no pet.). As an intermediate appellate court, we are bound by supreme court precedent. *Lubbock Cty. v. Trammel's Lubbock Bail Bonds,* 80 S.W.3d 580, 585 (Tex.2002) (requiring intermediate appellate courts to follow supreme court precedent and leave to the supreme court the matter of abrogating or modifying its own precedent). This rule of waiver would likewise apply to the "sue and be sued" language found in the City's charter. *United Water Servs., Inc. v. City of Houston,* 137 S.W.3d 747, 751 (Tex.App.-Houston [1st Dist.] 2004, pet. filed). In addition to *United Water,* the trial court relied on *City of Houston v. Clear Channel Outdoor, Inc.,* 161 S.W.3d 3, 6 (Tex.App.-Houston [14th Dist.] 2004, pet. filed) (local government code section 51.075 waives immunity from suit) and *City of Houston v. Boyer, Inc.,* No. 01–04–00153–CV, 2004 WL 2186770, *2, 2004 Tex.App. LEXIS 8785, *5 (Tex.App.-Houston [1st Dist.] Sept. 30, 2004, no pet.) (following *United Water Services* ). *See also Serv. Employment Redevelopment v. Fort Worth Indep. Sch. Dist.,* 163 S.W.3d 142, 159 (Tex.App.-Fort Worth 2005, pet. filed) (joining majority of courts holding *Missouri Pacific* has not been overruled).

While we acknowledge that other appellate jurisdictions are in conflict with our own, the trial court appropriately followed both Supreme Court precedent and the law within the jurisdiction and forum where the trial court sits. We overrule

Code Ann. § 74.003 (Vernon 2005).

appellant's sole issue and affirm the order of the trial court.