CITY OF ELSA, Texas, Appellant,

v.

M.A.L., F.B., and A.G., Appellees.

No. 13–05–509–CV.

Court of Appeals of Texas,
Corpus Christi–Edinburg.

May 11, 2006.

J. Arnold Aguilar, Law Office of J. Arnold Aguilar, and John J. Jordan Jr., Attorney At Law, Brownsville, for Appellant.

Miguel "Michael" Pruneda, The Pruneda Law Firm, Pharr, for Appellees.

Before Chief Justice VALDEZ and Justices RODRIGUEZ and GARZA.

## OPINION

Opinion by Justice RODRIGUEZ.

Appellant, the City of Elsa, Texas (the City), brings this accelerated interlocutory appeal following the trial court's denial of its plea to the jurisdiction.[1] By two issues, appellant contends the trial court erred in denying its plea to the jurisdiction because (1) it is immune from suit under the Texas Medical Practice Act (the Act) and (2) appellees, M.A.L., F.B., and A.G., are prohibited from seeking monetary damages for alleged constitutional violations and do not have standing to assert their equitable relief claims. We affirm in part and reverse and remand in part.

## I. Background

Appellees were City employees. The City administered a random drug test on each appellee, and each appellee tested positive for a controlled substance. As a result, appellees resigned from their respective positions with the City. A news story concerning appellees' test results and resignations aired on KGBT–TV, a local television station. Appellees then filed the underlying suit alleging that the City improperly disclosed confidential and private information relating to them to the news media in violation of the Act, *see* TEX. OCC.CODE ANN. §§ 159.001–.002 (Vernon 2004), § 159.003 (Vernon Supp.2005), §§ 159.004–.009 (Vernon 2004), and article I, sections 8 and 19 of the Texas Constitu-

tion. *See* TEX. CONST. art. I, §§ 8, 19. Appellant filed a plea to the jurisdiction, asserting that the trial court lacked jurisdiction over appellees' claims. The trial court denied appellant's plea to the jurisdiction. It is from this order that appellant appeals.

## II. Plea to the Jurisdiction

### A. Standard of Review

 A plea to the jurisdiction is a dilatory plea, the purpose of which is to "defeat a cause of action without regard to whether the claims asserted have merit." *State of Tex. Parks & Wildlife Dep't v. Morris,* 129 S.W.3d 804, 807 (Tex.App.-Corpus Christi 2004, no pet.) (citing *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex.2000)). The plea challenges the trial court's jurisdiction over the subject matter of a pleaded cause of action. *Id.* (citing *City of Midland v. Sullivan,* 33 S.W.3d 1, 6 (Tex.App.-El Paso 2000, pet. dism'd w.o.j.); *State v. Benavides,* 772 S.W.2d 271, 273 (Tex.App.-Corpus Christi 1989, writ denied)). Whether a trial court has subject matter jurisdiction is a question of law. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex. 2004). Therefore, we review a trial court's ruling on a plea to the jurisdiction de novo. *See id.; Morris,* 129 S.W.3d at 807.

 It is the plaintiff's burden to allege facts that affirmatively demonstrate the trial court's jurisdiction. *Morris,* 129 S.W.3d at 807 (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 446 (Tex.1993); *Mission Consol. Indep. Sch. Dist. v. Flores,* 39 S.W.3d 674, 676 (Tex. App.-Corpus Christi 2001, no pet.)). To

---

**1.** Section 51.014(a)(8) of the Texas Civil Practice and Remedies Code authorizes a governmental unit to appeal an interlocutory order that grants or denies a plea to the jurisdiction. TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8)

(Vernon Supp.2005). Appellant, being a city, qualifies as such a governmental unit. *See id.* § 101.001(3)(B) (Vernon 2005). Therefore, appellant is authorized by statute to bring this interlocutory appeal. *See id.* § 51.014(a)(8).

determine whether jurisdiction exists, we look to the facts alleged by the plaintiff, accept them as true, and construe them in favor of the plaintiff. *Id.* (citing *County of Cameron v. Brown,* 80 S.W.3d 549, 555 (Tex.2002); *Tex. Ass'n of Bus.,* 852 S.W.2d at 446). To the extent it is relevant to the jurisdictional issue, we also consider any evidence submitted by the parties to the trial court. *Id.* (citing *Tex. Natural Res. Conservation Comm'n v. White,* 46 S.W.3d 864, 868 (Tex.2001); *Bland,* 34 S.W.3d at 555).

■ When the pleadings do not contain facts sufficient to demonstrate the trial court's jurisdiction, but do not affirmatively demonstrate incurable defects in the court's jurisdiction, the issue is one of pleading sufficiency, and the plaintiff should be allowed to amend the petition. *Miranda,* 133 S.W.3d at 226–27 (citing *Brown,* 80 S.W.3d at 555); *Morris,* 129 S.W.3d at 807. If, however, the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff to amend the petition. *Miranda,* 133 S.W.3d at 227; *Morris,* 129 S.W.3d at 807.

## B. Immunity from Suit

By its first issue, appellant contends the trial court erred in denying its plea to the jurisdiction because the Act does not waive its immunity from suit.

■ Sovereign immunity deprives a trial court of subject matter jurisdiction for lawsuits in which the State or its political subdivisions have been sued. *Miranda,* 133 S.W.3d at 224. The immunity of a political subdivision of the State, such as a city, is referred to as governmental immunity. *United Water Servs., Inc. v. City of Houston,* 137 S.W.3d 747, 750 n. 4 (Tex.App.-Houston [1st Dist.] 2004, pet. filed) (citing *Wichita Falls State Hosp. v. Taylor,* 106 S.W.3d 692, 694 n. 3 (Tex.

2003)). Absent a waiver of governmental immunity, a court has no jurisdiction to entertain a suit against a governmental unit. *City of Alton v. Sharyland Water Supply Corp.,* 145 S.W.3d 673, 678 (Tex. App.-Corpus Christi 2004, no pet.) (citing *Tex. Dep't of Transp. v. Jones,* 8 S.W.3d 636, 638 (Tex.1999) (per curiam)). The State may waive its immunity from suit by statute or legislative permission, *id.* at 679 (citing *Jones,* 8 S.W.3d at 638), if such waiver is expressed by clear and unambiguous language. *Id.* at 681 (citing *Fed. Sign v. Tex. S. Univ.,* 951 S.W.2d 401, 405 (Tex.1997)). A statute which provides that a certain state entity can "sue and be sued" satisfies the requirement for waiver of immunity from suit. *City of Pasadena v. Envtl. Infrastructure Group, L.P.,* No. 13–05–253–CV, 2006 WL 648209, at *1, 2006 Tex.App. LEXIS 1982, at *2 (Tex. App.-Corpus Christi Mar.16, 2006, no pet. h.) (mem.op.) (citing *Mo. Pac. R. Co. v. Brownsville Navigation Dist.,* 453 S.W.2d 812, 813 (Tex.1970); *City of Alton,* 145 S.W.3d at 680). Furthermore, "this rule of waiver ... [applies] to the 'sue and be sued' language found in [a][c]ity's charter." *Id.* 2006 WL 648209, at *1, 2006 Tex.App. LEXIS 1982 at *3 (citing *United Water Servs., Inc.,* 137 S.W.3d at 751).

■ In the underlying suit, appellees alleged that appellant violated section 159.002 of the Act. *See* TEX. OCC.CODE ANN. § 159.002 (Vernon 2004). Although the Act itself does not contain a waiver of governmental immunity, appellees argue that appellant, nonetheless, has waived its immunity from suit because section 3 of its charter clearly and unambiguously states that it "may sue and be sued." This Court has previously held that such clear and unambiguous language in a city charter constitutes a waiver of a city's governmental immunity. *See City of Pasadena,* 2006 WL 648209, at *1, 2006 Tex.App. LEXIS

1982 at *3 (citing *United Water Servs., Inc.,* 137 S.W.3d at 751). Therefore, we conclude that appellant is not immune from suit under the Act. Thus, the trial court did not err in denying appellant's plea to the jurisdiction in this respect. We overrule appellant's first issue.

## C. Constitutional Claims

By its second issue, appellant contends the trial court erred in denying its plea to the jurisdiction with respect to appellees' constitutional claims because (1) appellees are prohibited from seeking monetary damages for alleged violations of their constitutional rights and (2) appellees lack standing to assert their equitable relief claims.

### 1. Monetary Damages

■ In their third amended petition, appellees alleged a violation of article I, sections 8 and 19 of the Texas Constitution. *See* TEX. CONST. art I, §§ 8, 19. In relation to the alleged constitutional violations, appellees sought, in the body of their petition, "any and all equitable and injunctive relief to which [they were] appropriately entitled." However, in their prayer, appellees prayed for monetary damages, among other relief, to compensate them for "their damages and injuries," without specifically limiting their request for monetary damages to their non-constitutional claims. As a result, appellant contends that appellees' constitutional claims are prohibited because the Texas Constitution does not provide for monetary damages for violations of article I, sections 8 and 19.[2] To support its assertion, appellant relies on *Tex. S. Univ. v. Araserve Campus Dining Servs. of Tex., Inc.,* 981 S.W.2d 929, 935–36 In that opinion, the Court of Appeals for the First District sustained Texas Southern University's challenge to the denial of its jurisdictional plea because the plaintiff had requested monetary damages for alleged constitutional violations. *See id.* at 936. Nonetheless, this Court has held that a "request for money damages does not affect the jurisdiction of the trial court over a claim of a violation of article I, section 19" even though there is no right to a money judgment for such a violation. *Nueces County v. Ferguson,* 97 S.W.3d 205, 221–22 & n. 23 (Tex.App.-Corpus Christi 2002, no pet.) (citing *Tex. A & M Sys. v. Luxemburg,* 93 S.W.3d 410, 425 (Tex.App.-Houston [14th Dist.] 2002, pet. denied); *Univ. of Tex. Sys. v. Courtney,* 946 S.W.2d 464, 469 (Tex.App.-Fort Worth 1997, writ denied); *Alcorn v. Vaksman,* 877 S.W.2d 390, 404 (Tex.App.-Houston [1st Dist.] 1994, writ denied) (en banc); *accord Tex. State Employees' Union/CWA Local 6184 v. Tex. Workforce Comm'n,* 16 S.W.3d 61, 67 (Tex.App.-Austin 2000, no pet.)). Although the *Ferguson* opinion addressed only a violation of article I, section 19, *see id.,* we conclude that its holding also applies to a violation of article I, section 8.[3] Therefore, even assuming, without determining, that appellees sought monetary damages in addition to equitable relief for the alleged constitutional violations, the trial court's subject matter jurisdiction over appellees' constitutional claims was

---

**2.** It is not disputed that the Texas Constitution provides for equitable relief for violations of its provisions. *See City of Beaumont v. Bouillion,* 896 S.W.2d 143, 149 (Tex.1995); *Nueces County v. Ferguson,* 97 S.W.3d 205, 217 (Tex. App.-Corpus Christi 2002, no pet.).

**3.** We reach this conclusion because the principle that the Texas Constitution does not provide for an award of monetary damages, unless expressly stated otherwise, for violations of its provisions applies generally to article I. *See City of Beaumont,* 896 S.W.2d at 148–50. As a result, the jurisdictional inquiry as it relates to a request for monetary damages for an alleged violation of article I, section 19 is the same for article I, section 8.

not affected. *See id.* Thus, the trial court properly denied appellant's plea to the jurisdiction in this respect.

## 2. Standing

By its second issue, appellant asserts that appellees lack standing to assert their equitable relief claims because (1) appellees seek prospective injunctive relief and (2) appellees sued the City itself rather than an individual in authority.[4] We construe appellant's contentions, however, not as challenges to appellees' standing, but rather as challenges to the trial court's subject matter jurisdiction.

 Through its first sub-issue, appellant asserts that the trial court lacks subject matter jurisdiction with respect to appellees' request for prospective injunctive relief. We agree. In their third amended petition, appellees stated the following:

> Plaintiff [sic] is therefore entitled to temporary and permanent injunctive orders restraining the Defendant herein from continuing with such action and *future* action.... Additionally, Plaintiffs request that this court order ... that Defendant ... restrain ... from taking any *further* action that would jeopardize his [sic] right to future advances, employment and liberty. (emphasis added).

However, injunctive relief will not lie where the party seeking the injunction has mere fear or apprehension of possible injury. *Frey v. DeCordova Bend Estates Owners Ass'n*, 647 S.W.2d 246, 248 (Tex. 1983) (citing *Schulman v. City of Houston*, 406 S.W.2d 219, 225 (Tex.Civ.App.-Tyler 1966, writ ref'd n.r.e.); *Harbor Perfusion,*

*Inc. v. Floyd*, 45 S.W.3d 713, 716 (Tex. App.-Corpus Christi 2001, no pet.)). To seek an injunction of future action, a party must plead facts that show (1) a threat of imminent harm or (2) another's demonstrable intent to engage in the activity to be enjoined. *See Harbor Perfusion, Inc.*, 45 S.W.3d at 716–17 (citing *Tri–State Pipe and Equip., Inc. v. S. County Mut. Ins. Co.*, 8 S.W.3d 394, 401 (Tex.App.-Texarkana 1999, no pet.)). Absent allegations of fact showing a probable injury, a court is without jurisdiction to grant the injunctive relief requested. *Brinkley v. Tex. Lottery Comm'n*, 986 S.W.2d 764, 768 (Tex.App.-Austin 1999, no pet.) (citing *State v. Morales*, 869 S.W.2d 941, 946–47 (Tex.1994); *Tex. Employment Comm'n v. Martinez*, 545 S.W.2d 876, 877–78 (Tex.Civ.App.-El Paso 1976, no writ)). Appellees failed to plead such facts. As a result, appellees' petition failed to affirmatively demonstrate the trial court's jurisdiction over their claim for prospective injunctive relief. *Miranda*, 133 S.W.3d at 226 (citing *Tex. Ass'n of Bus.*, 852 S.W.2d at 446). However, because appellees' petition does not demonstrate an incurable defect in the court's jurisdiction with respect to this claim, appellees should be allowed to amend their petition to state a claim for prospective injunctive relief. *See id.* at 226–27 (citing *Brown*, 80 S.W.3d at 555); *Morris*, 129 S.W.3d at 807.

By its final sub-issue, appellant contends that the trial court lacks subject matter jurisdiction over appellees' injunctive relief claims because appellees were required to sue an individual in authority rather than the City itself and failed to do so. To support its assertion, appellant relies on

---

4. Appellant also asserts that appellees lack standing to assert their equitable relief claims to the extent that they seek injunctive relief on behalf of others who are not party to the suit. However, in reviewing the pleadings and the evidence before the Court, we do not find that appellees seek injunctive relief on behalf of persons not party to the suit. Furthermore, appellant does not direct us to any portion of the pleadings or the evidence that suggests that appellees seek such relief. Therefore, we conclude that this contention is without merit.

*Bagg v. Univ. of Tex. Med. Branch at Galveston,* 726 S.W.2d 582, 584–85 (Tex. App.-Houston [14th Dist.] 1987, writ ref'd n.r.e.). The *Bagg* Court held that "when a plaintiff seeks injunctive relief that involves an activity of a state agency he must sue some individual in authority at that agency; he may not sue the agency itself." *Id.* However, appellant is a city, not a state agency.[5] Furthermore, we have not found, nor has appellant directed us to, any authority extending the *Bagg* holding to a claim for injunctive relief against a city. Therefore, we conclude that appellant's reliance on *Bagg* is misplaced, and *Bagg* does not support its assertion. As a result, the trial court did not err in denying appellant's plea to the jurisdiction in this respect.

Thus, we overrule appellant's second issue in part and sustain it in part.

### III. Conclusion

Accordingly, we reverse the trial court's order on the issue of prospective injunctive relief and remand the claim for further proceedings consistent with this opinion. We affirm the trial court's order in all other respects.

---

**5.** Chapter 2004 of the Texas Government Code defines a state agency as "an office, department, commission, or board of the executive branch of state government." Tex. Gov't Code Ann. § 2004.001 (Vernon 2000). The *Bagg* Court identified state universities and the Texas General Land Office as examples of state agencies. *Bagg v. Univ. of Tex. Med. Branch at Galveston,* 726 S.W.2d 582, 584–85 (Tex.App.-Houston [14th Dist.] 1987, writ ref'd n.r.e.). However, a city neither meets the definition of a state agency as set out in the government code, *see* Tex. Gov't Code Ann. § 2004.001, nor serves as an example in the *Bagg* opinion. *Bagg,* 726 S.W.2d at 584–85. Moreover, the legislature has identified a city as a political subdivision, distinguishing it from an agency of the state. *See* Tex. Civ. Prac. & Rem.Code Ann. § 101.001(3)(A)-(B) (Vernon 2005). Therefore, we conclude that a city does not constitute a state agency.