NUMBER 13-05-509-CV

 

                         COURT
OF APPEALS

 

               THIRTEENTH
DISTRICT OF TEXAS

 

                  CORPUS
CHRISTI - EDINBURG

___________________________________________________________________

 

CITY OF ELSA, TEXAS,                                            Appellant,

 

                                           v.

 

M.A.L., F.B., AND A.G.,                                           Appellees.

___________________________________________________________________

 

             On
appeal from the County Court at Law No. 4

                           of Hidalgo County, Texas.

___________________________________________________  _______________

 

                              O
P I N I O N

 

         Before
Chief Justice Valdez and Justices Rodriguez and Garza 

Opinion
by Justice Rodriguez

 








Appellant, the
City of Elsa, Texas (the City), brings this accelerated interlocutory appeal
following the trial court's denial of its plea to the jurisdiction.[1]  By two issues, appellant contends the trial
court erred in denying its plea to the jurisdiction because (1) it is immune
from suit under the Texas Medical Practice Act (the Act) and (2) appellees,
M.A.L., F.B., and A.G., are prohibited from seeking monetary damages for
alleged constitutional violations and do not have standing to assert their
equitable relief claims.  We affirm in
part and reverse and remand in part.

I.  Background

Appellees were
City employees.  The City administered a
random drug test on 








each appellee, and each appellee
tested positive for a controlled substance. 
As a result, appellees resigned from their respective positions with the
City.  A news story concerning appellees'
test results and resignations aired on KGBT-TV, a local television
station.  Appellees then filed the
underlying suit alleging that the City improperly disclosed confidential and
private information relating to them to the news media in violation of the Act,
see Tex. Occ. Code Ann. '' 159.001-.002 (Vernon 2004), ' 159.003 (Vernon Supp. 2005), '' 159.004-.009 (Vernon 2004), and article I, sections
8 and 19 of the Texas Constitution.  See
Tex. Const. art. I, '' 8, 19. 
Appellant filed a plea to the jurisdiction, asserting that the trial
court lacked jurisdiction over appellees' claims.  The trial court denied appellant's plea to
the jurisdiction.  It is from this order
that appellant appeals.

II.  Plea to the Jurisdiction

A.  Standard of Review

A plea to the
jurisdiction is a dilatory plea, the purpose of which is to "defeat a
cause of action without regard to whether the claims asserted have
merit."  State of Tex. Parks
& Wildlife Dep't v. Morris, 129 S.W.3d 804, 807 (Tex. App.BCorpus Christi 2004, no pet.) (citing
Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000)).  The plea challenges the trial court's
jurisdiction over the subject matter of a pleaded cause of action.  Id. (citing City of Midland v.
Sullivan, 33 S.W.3d 1, 6 (Tex. App.BEl Paso 2000, pet. dism'd w.o.j.); State v.
Benavides, 772 S.W.2d 271, 273 (Tex. App.BCorpus
Christi 1989, writ denied)).  Whether
a trial court has subject matter jurisdiction is a question of law.  Tex. Dep't of Parks & Wildlife v.
Miranda, 133 S.W.3d 217, 226 (Tex. 2004). 
Therefore, we review a trial court's ruling on a plea to the
jurisdiction de novo.  See id.; Morris,
129 S.W.3d at 807.  








It is the
plaintiff's burden to allege facts that affirmatively demonstrate the trial
court's jurisdiction.  Morris, 129
S.W.3d at 807 (citing Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852
S.W.2d 440, 446 (Tex. 1993); Mission Consol. Indep. Sch. Dist. v. Flores,
39 S.W.3d 674, 676 (Tex. App.BCorpus Christi 2001, no pet.)).  To determine 
whether jurisdiction exists, we look to the facts alleged by the
plaintiff, accept them as true, and construe them in favor of the
plaintiff.  Id. (citing County
of Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 2002); Tex. Ass'n of Bus.,
852 S.W.2d at 446).  To the extent it is
relevant to the jurisdictional issue, we also consider any evidence submitted
by the parties to the trial court.  Id.
(citing Tex. Natural Res. Conservation Comm'n v. White, 46 S.W.3d 864,
868 (Tex. 2001); Bland, 34 S.W.3d at 555).  

When the pleadings do not contain facts sufficient to demonstrate the
trial court's jurisdiction, but do not affirmatively demonstrate incurable
defects in the court's jurisdiction, the issue is one of pleading sufficiency,
and the plaintiff should be allowed to amend the petition.  Miranda, 133 S.W.3d at 226-27
(citing Brown, 80 S.W.3d at 555); Morris, 129 S.W.3d at 807.  If, however, the pleadings affirmatively
negate the existence of jurisdiction, then a plea to the jurisdiction may be
granted without allowing the plaintiff to amend the petition.  Miranda, 133 S.W.3d at 227; Morris,
129 S.W.3d at 807. 

B.  Immunity from Suit

By its first
issue, appellant contends the trial court erred in denying its plea to the
jurisdiction because the Act does not waive its immunity from suit.








Sovereign
immunity deprives a trial court of subject matter jurisdiction for lawsuits in
which the State or its political subdivisions have been sued.  Miranda, 133 S.W.3d at 224.  The immunity of a political subdivision of
the State, such as a city, is referred to as governmental immunity.  United Water Servs., Inc. v. City of
Houston, 137 S.W.3d 747, 750 n.4 (Tex. App.BHouston
[1st Dist.] 2004, pet. filed) (citing Wichita Falls State Hosp. v. Taylor,
106 S.W.3d 692, 694 n.3 (Tex. 2003)). 
Absent a waiver of governmental immunity, a court has no jurisdiction to
entertain a suit against a governmental unit. 
City of Alton v. Sharyland Water Supply Corp., 145 S.W.3d 673,
678 (Tex. App.BCorpus Christi 2004, no pet.) (citing Tex. Dep't
of Transp. v. Jones, 8 S.W.3d 636, 638 (Tex. 1999) (per curiam)).  The State may waive its immunity from suit by
statute or legislative permission, id. at 679 (citing Jones, 8
S.W.3d at 638), if such waiver is expressed by clear and unambiguous
language.  Id. at 681 (citing
Fed. Sign Co. v. Tex. S. Univ., 951 S.W.2d 401, 405 (Tex. 1997)).  A statute which provides that a certain state
entity can "sue and be sued" satisfies the requirement for waiver of
immunity from suit.  City of Pasadena
v. Envtl. Infrastructure Group, L.P., No. 13-05-253-CV, 2006 Tex. App.
LEXIS 1982, at *2 (Tex. App.BCorpus Christi Mar. 16, 2006, no pet. h.) (mem. op.)
(citing Mo. Pac. RR. v. Brownsville Navigation Dist., 453 S.W.2d 812,
813 (Tex. 1970); City of Alton, 145 S.W.3d at 680).  Furthermore, "this rule of waiver . . .
[applies] to the 'sue and be sued' language found in [a] [c]ity's
charter."  Id. at *3 (citing United
Water Servs., Inc., 137 S.W.3d at 751). 








In the underlying
suit, appellees alleged that appellant violated section 159.002 of the
Act.  See Tex. Occ. Code Ann. ' 159.002 (Vernon 2004).  Although the Act itself does not contain a
waiver of governmental immunity, appellees argue that appellant, nonetheless,
has waived its immunity from suit because section 3 of its charter clearly and
unambiguously states that it "may sue and be sued."  This Court has previously held that such
clear and unambiguous language in a city charter constitutes a waiver of a
city's governmental immunity.  See
City of Pasadena, 2006 Tex. App. LEXIS 1982, at *3 (citing United Water
Servs., Inc., 137 S.W.3d at 751). 
Therefore, we conclude that appellant is not immune from suit under the
Act.  Thus, the trial court did not err
in denying appellant's plea to the jurisdiction in this respect.  We overrule appellant's first issue.

C.  Constitutional Claims

By its second
issue, appellant contends the trial court erred in denying its plea to the
jurisdiction with respect to appellees' constitutional claims because (1)
appellees are prohibited from seeking monetary damages for alleged violations
of their constitutional rights and (2) appellees lack standing to assert their
equitable relief claims.

1.  Monetary Damages













In their third
amended petition, appellees alleged a violation of article I, sections 8 and 19
of the Texas Constitution.  See Tex. Const. art I, '' 8, 19.  In
relation to the alleged constitutional violations, appellees sought, in the
body of their petition, "any and all equitable and injunctive relief to
which [they were] appropriately entitled." 
However, in their prayer, appellees prayed for monetary damages, among
other relief, to compensate them for "their damages and injuries,"
without specifically limiting their request for monetary damages to their
non-constitutional claims.  As a result,
appellant contends that appellees' constitutional claims are prohibited because
the Texas Constitution does not provide for monetary damages for violations of
article I, sections 8 and 19.[2]  To support its assertion, appellant relies on
Tex. S. Univ. v. Araserve Campus Dining Servs. of Tex., Inc., 981
S.W.2d 929, 935-36 (Tex. App.BHouston [1st Dist.] 1998, pet. denied).  In that opinion, the Court of Appeals for the
First District sustained Texas Southern University's challenge to the denial of
its jurisdictional plea because the plaintiff had requested monetary damages
for alleged constitutional violations.  See
id. at 936.  Nonetheless, this
Court has held that a "request for money damages does not affect the
jurisdiction of the trial court over a claim of a violation of article I,
section 19" even though there is no right to a money judgment for such a
violation.  Nueces County v. Ferguson,
97 S.W.3d 205, 221-22 & n.23 (Tex. App.BCorpus
Christi 2002, no pet.) (citing Tex. A&M Sys. v. Luxemburg, 93 S.W.3d
410, 425 (Tex. App.BHouston [14th Dist.] 2002, pet. denied); Univ. of
Tex. Sys. v. Courtney, 946 S.W.2d 464, 469 (Tex. App.BFort Worth 1997, writ denied); Alcorn v. Vaksman,
877 S.W.2d 390, 404 (Tex. App.BHouston [1st Dist.] 1994, writ denied) (en banc); accord
Tex. State Employees' Union/CWA Local 6184 v. Tex. Workforce Comm'n, 16
S.W.3d 61, 67 (Tex. App.BAustin 2000, no pet.)).  Although the Ferguson opinion
addressed only a violation of article I, section 19, see id., we
conclude that its holding also applies to a violation of article I, section 8.[3]  Therefore, even assuming, without
determining, that appellees sought monetary damages in addition to equitable
relief for the alleged constitutional violations, the trial court's subject
matter jurisdiction over appellees' constitutional claims was not
affected.  See id.  Thus, the trial court properly denied appellant's
plea to the jurisdiction in this respect. 


2.  Standing

By its second
issue, appellant asserts that appellees lack standing to assert their equitable
relief claims because (1) appellees seek prospective injunctive relief and (2)
appellees sued the City itself rather than an individual in authority.[4]  We construe appellant's contentions, however,
not as challenges to appellees' standing, but rather as challenges to the trial
court's subject matter jurisdiction.

Through its first
sub-issue, appellant asserts that the trial court lacks subject matter
jurisdiction with respect to appellees' request for prospective injunctive
relief. We agree.  In their third amended
petition, appellees stated the following:

Plaintiff [sic] is therefore entitled to temporary
and permanent injunctive orders restraining the Defendant herein from
continuing with such action and future action . . . . Additionally,
Plaintiffs request that this court order . . . that Defendant . . . restrain .
. . from taking any further action that would jeopardize his [sic] right
to future advances, employment and liberty. (emphasis added).

 








However, injunctive relief will
not lie where the party seeking the injunction has mere fear or apprehension of
possible injury.  Frey v. DeCordova
Bend Estates Owners Ass'n, 647 S.W.2d 246, 248 (Tex. 1983) (citing Schulman
v. City of Houston, 406 S.W.2d 219, 225 (Tex. Civ. App.BTyler 1966, writ ref'd n.r.e.); Harbor Perfusion,
Inc. v. Floyd, 45 S.W.3d 713, 716 (Tex. App.BCorpus
Christi 2001, no pet.).  To seek an
injunction of future action, a party must plead facts that show (1) a threat of
imminent harm or (2) another's demonstrable intent to engage in the activity to
be enjoined.  See Harbor Perfusion,
Inc., 45 S.W.3d at 716-17 (citing Tri-State Pipe and Equip., Inc. v. S.
County Mut. Ins. Co., 8 S.W.3d 394, 401 (Tex. App.BTexarkana 1999, no pet.)).  Absent allegations of fact showing a probable
injury, a court is without jurisdiction to grant the injunctive relief
requested.  Brinkley v. Tex. Lottery
Comm'n, 986 S.W.2d 764, 768 (Tex. App.BAustin 1999, no pet.) (citing State v. Morales,
869 S.W.2d 941, 946-47 (Tex. 1994); Tex. Employment Comm'n v. Martinez,
545 S.W.2d 876, 877-78 (Tex. Civ. App.BEl Paso 1976, no writ)).  Appellees failed to plead such facts.  As a result, appellees' petition failed to
affirmatively demonstrate the trial court's jurisdiction over their claim for
prospective injunctive relief.  Miranda,
133 S.W.3d at 226 (citing Tex. Ass'n of Bus., 852 S.W.2d at 446).  However, because appellees' petition does not
demonstrate an incurable defect in the court's jurisdiction with respect to
this claim, appellees should be allowed to amend their petition to state a
claim for prospective injunctive relief. 
See id. at 226-27 (citing Brown, 80 S.W.3d at 555); Morris,
129 S.W.3d at 807. 








By its final
sub-issue, appellant contends that the trial court lacks subject matter
jurisdiction over appellees' injunctive relief claims because appellees were
required to sue an individual in authority rather than the City itself and
failed to do so.  To support its
assertion, appellant relies on Bagg v. Univ. of Tex. Med. Branch at
Galveston, 726 S.W.2d 582, 584-85 (Tex. App.BHouston
[14th Dist.] 1987, writ ref'd n.r.e.). 
The Bagg Court held that "when a plaintiff seeks injunctive
relief that involves an activity of a state agency he must sue some individual
in authority at that agency; he may not sue the agency itself."  Id. 
However, appellant is a city, not a state agency.[5]  Furthermore, we have not found, nor has
appellant directed us to, any authority extending the Bagg holding to a
claim for injunctive relief against a city. 
Therefore, we conclude that appellant's reliance on Bagg is
misplaced, and Bagg does not support its assertion.  As a result, the trial court did not err in
denying appellant's plea to the jurisdiction in this respect.

Thus, we overrule
appellant's second issue in part and sustain it in part.

III.  Conclusion

Accordingly, we
reverse the trial court's order on the issue of prospective injunctive relief
and remand the claim for further proceedings consistent with this opinion.  We affirm the trial court's order in all
other respects.

 

NELDA
V. RODRIGUEZ

Justice

 

Opinion delivered and
filed this

11th day of May, 2006.

 











[1]Section 51.014(a)(8) of the Texas
Civil Practice and Remedies Code authorizes a governmental unit to appeal an
interlocutory order that grants or denies a plea to the jurisdiction.  Tex.
Civ. Prac. & Rem. Code Ann. ' 51.014(a)(8) (Vernon Supp. 2005).  Appellant, being a city, qualifies as such a
governmental unit.  See id. ' 101.001(3)(B) (Vernon 2005).  Therefore, appellant is authorized by
statute to bring this interlocutory appeal. 
See id. ' 51.014(a)(8).





[2]It is not disputed that the Texas
Constitution provides for equitable relief for violations of its
provisions.  See City of Beaumont v.
Bouillion, 896 S.W.2d 143, 149 (Tex. 1995); Nueces County v. Ferguson,
97 S.W.3d 205, 217 (Tex. App.BCorpus Christi 2002, no pet.).





[3]We reach this conclusion because
the principle that the Texas Constitution does not provide for an award of
monetary damages, unless expressly stated otherwise, for violations of its
provisions applies generally to article I. 
See City of Beaumont, 896 S.W.2d at 148-50.  As a result, the jurisdictional inquiry as it
relates to a request for monetary damages for an alleged violation of article
I, section 19 is the same for article I, section 8. 





[4]Appellant also asserts that
appellees lack standing to assert their equitable relief claims to the extent
that they seek injunctive relief on behalf of others who are not party to the
suit.  However, in reviewing the
pleadings and the evidence before the Court, we do not find that appellees seek
injunctive relief on behalf of persons not party to the suit.  Furthermore, appellant does not direct us to
any portion of the pleadings or the evidence that suggests that appellees seek
such relief.  Therefore, we conclude that
this contention is without merit.





[5]Chapter 2004 of the Texas
Government Code defines a state agency as "an office, department,
commission, or board of the executive branch of state government."  Tex.
Gov't Code Ann. ' 2004.001 (Vernon 2000).  The Bagg Court identified state
universities and the Texas General Land Office as examples of state
agencies.  Bagg v. Univ. of Tex. Med.
Branch at Galveston, 726 S.W.2d 582, 584-85 (Tex. App.BHouston [14th Dist.] 1987, writ
ref'd n.r.e.).  However, a city neither
meets the definition of a state agency as set out in the government code, see
Tex. Gov't Code Ann. ' 2004.001, nor serves as an example
in the Bagg opinion.  Bagg,
726 S.W.2d at 584-85.  Moreover, the
legislature has identified a city as a political subdivision, distinguishing it
from an agency of the state.  See Tex. Civ. Prac. & Rem. Code Ann. ' 101.001(3)(A)-(B) (Vernon
2005).  Therefore, we conclude that a
city does not constitute a state agency.