**CITY OF PASADENA, Petitioner,**

v.

**KINSEL INDUSTRIES, INC., Respondent.**

No. 06–0353.

Supreme Court of Texas.

June 1, 2007.

William S. Helfand, Kevin D. Jewell, Barbara E. Roberts, Chamberlain, Hrdlicka, White, Williams & Martin, Houston TX, for City of Pasadena, Texas.

David Waddell, Seyfarth Shaw, Christina Marie Putman, David L. Countiss, Seyfarth Shaw, L.L.P., Houston, for Kinsel Industries, Inc.

George E. Cire, Houston, for Environmental Infrastructure Group, L.P.

William K. Luyties, Lorance & Thompson, Houston, for Sparks–Barlow–Barnett, Inc.

Patrick W. Mizell, Vinson & Elkins, Angela Kay Lutz, Vinson & Elkins, L.L.P., Houston TX, for Greystar–EIG, L.P.

PER CURIAM.

Respondent Kinsel Industries, Inc. contracted with petitioner City of Pasadena to build a wastewater treatment plant. Kinsel's subcontractor, Environmental Infrastructure Group, L.P., sued Kinsel and others over disputes relating to the project, and Kinsel asserted third-party claims against the City. The trial court denied the City's plea to jurisdiction, and the court of appeals affirmed, holding that the City's immunity from suit was waived by section 51.075 of the Texas Local Government Code and by a charter provision empowering the City to "sue and be sued." PASADENA, TEX., CITY CHARTER art. I, § 2; 228 S.W.3d 176, 177, 2006 WL 648209 (Tex. App.-Corpus Christi March 16, 2006) (mem.op.).

Since the court of appeals issued its opinion, we have rejected both its holdings. *Tooke v. City of Mexia,* 197 S.W.3d 325, 342–44 (Tex.2006). But we also held in *Tooke* that absent some other waiver of immunity, sections 271.151–.160 of the Texas Local Government Code, enacted while the appeal in that case was pending (as was the appeal in the present case), are a limited, retroactive waiver of immunity from suit on certain contractual claims. *Id.* at 344–45. The City argues that Kinsel's claims lie outside the scope of this waiver, but Kinsel disagrees. We believe these arguments should be addressed to the trial court in the first instance. *City of Houston v. Jones,* 197 S.W.3d 391, 392 (Tex.2006) (per curiam).

Accordingly, we grant the City's petition for review, and without hearing oral argu-

ment, TEX.R.APP. P. 59.1, reverse the judgment of the court of appeals and remand the case to the trial court for further proceedings.