IN THE SUPREME COURT OF TEXAS






IN THE SUPREME COURT OF TEXAS
 
════════════
No. 06-0516
════════════
 
City of Elsa, Texas, 
Petitioner,
 
v.
 
M.A.L., et al., 
Respondents
 
════════════════════════════════════════════════════
On Petition for Review from the
Court of Appeals for the Thirteenth District of 
Texas
════════════════════════════════════════════════════
 
 
PER CURIAM
 
 
In this case 
we reaffirm that (1) “sue and be sued” provisions in city charters do not waive 
immunity from suit for monetary damages, and (2) governmental entities may be 
sued for injunctive relief under the Texas Constitution.
This case 
arose after three police officers resigned from the City of Elsa’s police force. 
A local news station reported that the police officers left the force after 
positive drug tests. The three officers then sued the City, alleging that it had 
improperly disclosed medical information under the Medical Practice Act, Tex. Occ. Code §§ 159.001-.010, had 
improperly disclosed information not subject to the Open Records Act, Tex. Gov’t Code §§ 552.001-.353, and 
had engaged in “deprivations of privacy and confidential rights, privileges and 
immunities secured by the laws and Constitution of Texas under Article I, 
Section 8 and 19.” The former officers generally alleged entitlement to monetary 
damages. They also sought equitable and injunctive relief for the alleged 
constitutional violations.
The City 
filed a plea to the jurisdiction, which the trial court denied. The City then 
filed an interlocutory appeal of the denial of its plea. The Thirteenth Court of 
Appeals affirmed in part and reversed in part. 192 S.W.3d 678.
The court of 
appeals affirmed the trial court’s denial of the plea as to the statutory 
claims, holding that a “sue and be sued” provision in the City’s charter waived 
the City’s immunity from suit. Id. at 681-82. The court reversed and 
remanded the trial court’s denial of the plea as to the constitutional claims. 
As to the alleged constitutional violations the court of appeals held that to 
the extent the plaintiffs’ pleadings sought monetary damages, such claims were 
invalid but that equitable relief could be sought. Concluding that the 
plaintiffs’ request for injunctive relief merely asked for an injunction to 
prevent the City “from taking any further action that would jeopardize” their 
employment and liberty interests, the pleadings “failed to affirmatively 
demonstrate the trial court’s jurisdiction over their claim for prospective 
injunctive relief” because the plaintiffs pleaded only “mere fear or 
apprehension of possible injury” in the future. The constitutional claims were 
remanded to allow plaintiffs to amend their petition.
After the 
court of appeals issued its decision, we held that a “sue and be sued” provision 
in a city charter does not, by itself, constitute an unambiguous waiver of 
governmental immunity. See Tooke v. City of Mexia, 197 S.W.3d 325, 344 
(Tex. 2006); Reata Constr. Corp. v. City of Dallas, 197 S.W.3d 371, 378 
(Tex. 2006). The court of appeals’ decision regarding statutory claims is 
inconsistent with our holdings in Tooke and Reata. We therefore 
reverse the part of the court of appeals’ judgment that affirmed denial of the 
City’s plea to the jurisdiction as to the claims for monetary relief.
The City 
further asserts that the court of appeals should have dismissed the claims for 
injunctive relief rather than remanding those claims to the trial court. The 
City argues that the trial court lacks jurisdiction over the case because the 
plaintiffs sought injunctive relief against the City itself, rather than against 
the officials alleged to have committed unauthorized acts. The City relies on 
Bagg v. University of Texas Medical Branch at Galveston, 726 S.W.2d 582 
(Tex. App.—Houston [14th Dist.] 1987, writ ref’d n.r.e.), in support of this 
argument. In Bagg, the court of appeals held that “when a plaintiff seeks 
injunctive relief that involves an activity of a state agency he must sue some 
individual in authority at that agency; he may not sue the agency itself.” 
Id. at 584-85. The court in Bagg reasoned that “[u]nlawful or 
unauthorized actions are not considered acts of the state. . . . 
If the alleged wrongful actions are not state actions, the state cannot be the 
proper party to sue.” Id. at 585.
The 
Bagg holding is inconsistent with this Court’s later holding in City 
of Beaumont v. Bouillion, 896 S.W.2d 143 (Tex. 1995). In Bouillion, 
we held that although there is no “implied private right of action for damages 
against governmental entities for violations of the Texas Constitution,” suits 
for “equitable remedies for violation of constitutional rights are not 
prohibited.” Id. at 144, 149. We stated that “suits for injunctive 
relief” may be maintained against governmental entities to remedy violations of 
the Texas Constitution. Id. at 149. After our decision in 
Bouillion, the Fourteenth Court of Appeals acknowledged Bagg was 
no longer good law, stating that “[s]ince this court’s Bagg decision, the 
Texas Supreme Court, in the City of Beaumont v. Bouillion has held that 
while there is no cause of action for damages for the violation of state 
constitutional rights, a plaintiff whose constitutional rights have been 
violated may sue the state for equitable relief.” Vriesendorp v. M.D. 
Anderson Cancer Ctr., No. 14‑97‑00354‑CV, 1998 Tex. App. LEXIS 4146 (Tex. 
App.—Houston [14th Dist.] July 9, 1998, pet. denied) (not designated for 
publication). We conclude that the court of appeals did not err by refusing to 
dismiss the plaintiffs’ claims for injunctive relief based on alleged 
constitutional violations.
Accordingly, 
we grant the City’s petition for review. Without hearing oral argument, Tex. R. App. P. 59.1, we reverse the 
part of the court of appeals’ judgment affirming denial of the plea to the 
jurisdiction as to the claims for monetary relief and we order that those claims 
be dismissed. We affirm the part of the court of appeals’ judgment that remands 
the claims for injunctive relief to the trial court.
 
OPINION 
DELIVERED: June 1, 2007