STATE OF TEXAS PARKS & WILDLIFE DEPARTMENT, Appellant,

v.

Danny J. MORRIS, Lucia R. Morris, and M. M., A Child, Appellees.

No. 13–03–509–CV.

Court of Appeals of Texas, Corpus Christi–Edinburg.

March 16, 2004.

Cherie K. Batsel, Asst. Atty. Gen., Austin, for Appellant.

Arnold Gonzales Jr., Attorney At Law, Corpus Christi, for Appellees.

Before Justices YAÑEZ, RODRIGUEZ, and GARZA.

## OPINION

Opinion by Justice RODRIGUEZ.

Appellant, State of Texas Parks & Wildlife Department, brings this accelerated interlocutory appeal following the trial court's denial of its plea to the jurisdiction.[1] By two issues, appellant contends the trial court erred in denying its plea to the jurisdiction because appellees' petition failed to state an actionable claim. We affirm.

## I. BACKGROUND

On March 30, 2002 appellees, Danny J. Morris, Lucia R. Morris, and M. M., a child, arrived at the Goliad State Park (the Park) in Goliad County, Texas. Appellees paid an admission fee for use of the Park and its facilities. Shortly after arriving at the Park, M. M., a three-year-old child, fell into a campfire pit containing smoldering coals from a previous fire. M. M. suffered burns over his hands, arms, and legs and required medical treatment. The Morris family brought suit against appellant for damages resulting from the incident. In

---

1. An appeal may be taken from an interlocutory order that grants or denies a plea to the jurisdiction by a governmental unit as defined in section 101.001. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 51.014(a)(8), 101.001 (Vernon Supp.2004). The State of Texas Parks & Wildlife Department is such a governmental unit. *Id.* § 101.001(3)(A).

their original petition, appellees alleged that the injuries to M. M. were caused by a defective condition or negligent use of tangible real property; conduct for which immunity is waived by the Texas Tort Claims Act. TEX. CIV. PRAC. & REM.CODE ANN. §§ 101.001–.109 (Vernon 1997 & Supp.2004). Appellees later amended their pleadings, as ordered by the court, to allege a gross negligence cause of action. Appellant filed a plea to the jurisdiction which was denied by the court.[2] This appeal ensued.

## II. STANDARD OF REVIEW

■ A plea to the jurisdiction is a dilatory plea; its purpose is "to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex.2000). The plea challenges the trial court's authority to determine the subject matter of a pleaded cause of action. *City of Midland v. Sullivan,* 33 S.W.3d 1, 6 (Tex.App.-El Paso 2000, pet. dism'd w.o.j.); *State v. Benavides,* 772 S.W.2d 271, 273 (Tex.App.-Corpus Christi 1989, writ denied).

■ Because subject matter jurisdiction is a question of law, we review a trial court's ruling on a plea to the jurisdiction under a de novo standard of review. *State v. Gonzalez,* 82 S.W.3d 322, 327 (Tex.2003). In determining whether jurisdiction exists, rather than looking at the claim's merits, we look to the allegations in the pleadings, accept them as true, and construe them in favor of the pleader. *See County of Cameron v. Brown,* 80 S.W.3d 549, 555 (Tex. 2002); *Tex. Ass'n of Bus. v. Tex. Air Con-*

*trol Bd.,* 852 S.W.2d 440, 446 (Tex.1993). We consider the facts alleged in the petition, and to the extent it is relevant to the jurisdictional issue, any evidence submitted by the parties to the trial court. *Tex. Natural Res. Conservation Comm'n v. White,* 46 S.W.3d 864, 868 (Tex.2001); *Blue,* 34 S.W.3d at 555.

■ It is the plaintiff's burden to allege facts affirmatively demonstrating the trial court's jurisdiction. *Tex. Ass'n of Bus.,* 852 S.W.2d at 446; *Mission Consol. Indep. Sch. Dist. v. Flores,* 39 S.W.3d 674, 676 (Tex.App.-Corpus Christi 2001, no pet.). When a plaintiff fails to plead facts that establish jurisdiction, but the petition does not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be afforded the opportunity to amend. *Brown,* 80 S.W.3d at 555. On the other hand, if the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. *Id.*

## III. ANALYSIS

On appeal, appellant argues that the trial court erred in denying its plea to the jurisdiction. Specifically, appellant contends: (1) the recreational use statute limits the tort claims act's waiver of sovereign immunity in this case and dictates that the only standard of care owed to appellees is that of a trespasser; and (2) appellees failed to allege facts or offer evidence showing that the injury to M.M. occurred as a result of wilful, wanton or grossly negligent conduct.

2. Appellant's plea to the jurisdiction was originally granted by order of the trial court. Later, the trial court withdrew that order and denied appellant's plea. Issues regarding the procedural posture of this appeal were addressed and disposed of in a companion case,

*Danny J. Morris, Lucia R. Morris, and M. M., a Child v. State of Texas Parks & Wildlife Department,* cause number 13–03–372–CV, 2004 WL 555425 (Tex.App.—Corpus Christi, 2004).

## A. Application of the Recreational Use Statute

■ In its first issue appellant argues that chapter 75 of the civil practices and remedies code, commonly known as the recreational use statute, should apply in this case to limit its liability. *See* Tex. Civ. Prac. & Rem.Code Ann. §§ 75.001–.004 (Vernon 1997 & Supp.2004). Appellees, however, argue section 101.022(a) of the Texas Tort Claims Act applies, unlimited by the recreational use statute. *See id.* § 101.022(a). We must, therefore, determine which statute controls in a situation where a claimant is charged a fee to enter government property for recreational purposes. Thus, the issue before this Court is one of statutory construction.

■ "In construing a statute, our primary objective is to determine and give effect to the Legislature's intent." *Nat'l Liab. & Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527 (Tex.2000). Our starting point is to look to the plain and common meaning of the statute's words, viewing its terms in context and giving them full effect. *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex.1998). If the language is unambiguous, we will interpret the statute according to its plain meaning. *State ex rel. State Dep't of Hwys & Pub. Transp. v. Gonzalez*, 82 S.W.3d 322, 327 (Tex.2000). We are mindful that "every word in a statute is presumed to have been used for a purpose; and a cardinal rule of statutory construction is that each sentence, clause and word is to be given effect if reasonable and possible." *Perkins v. State*, 367 S.W.2d 140, 146 (Tex.1963). We should also presume the Legislature intended a "result feasible of execution" when it enacted the

statute. *In re Mo. Pac. R.R. Co.*, 998 S.W.2d 212, 216 (Tex.1999).

■ The recreational use statute was passed to encourage landowners to open their lands to the public for recreational uses. *State v. Shumake*, 131 S.W.3d 66, 73, No. 03–03–00111–CV, 2003 WL 22860923, at *5, 2003 Tex.App. LEXIS 10169, at *12 (Austin Dec. 4, 2003, no pet.). The statute absolves certain property owners of liability for injuries to others using the property for recreation so long as the property owner does not engage in grossly negligent conduct or act with malicious intent or in bad faith. Tex. Civ. Prac. & Rem.Code Ann. §§ 75.001–.004 (Vernon 1997 & Supp.2004); *see City of Bellmead v. Torres*, 89 S.W.3d 611, 612 (Tex.2002). When the statute applies, landowners only owe the public the standard of care owed to a trespasser on the premises. Tex. Civ. Prac. & Rem.Code Ann. § 75.002(b)(2), (c)(2) (Vernon 1997 & Supp.2004). Appellant contends the recreational use statute applies under the facts of this case, and thus limits its liability.

Appellees, however, brought their cause of action pursuant to section 101.021(2) of the Texas Tort Claims Act.[3] They alleged that M. M.'s injuries were caused by a defective condition or negligent use of tangible real property by appellant. On appeal they contend that the duty of care owed by appellant is governed not by the recreational use statute, but by section 101.022(a) of the tort claims act. Section 101.022(a) provides that if a claim arises from a premise defect, the governmental unit owes the claimant only the duty that a private person owes to a licensee on private property, unless the claimant pays for the use of the premises. *Id.* § 101.022(a)

---

**3.** Under section 101.021(2), a governmental unit is liable for personal injury and death so caused by a condition or use of tangible personal or real property if the governmental

unit would, were it a private person, be liable to the claimant according to Texas law. Tex. Civ. Prac. & Rem.Code Ann. § 101.021(2) (Vernon 1997).

(Vernon 1997). When the claimant pays for the use of the premises, as in this case, the duty imposed upon the governmental unit is the same duty of care that a private landowner owes to an invitee. *See Clay v. City of Fort Worth,* 90 S.W.3d 414, 417 (Tex.App.-Austin 2002, no pet.); *Vela v. Cameron County,* 703 S.W.2d 721, 724 (Tex.App.-Corpus Christi 1985, writ ref'd n.r.e.). It is the invitee duty of care which appellees believe should be applied.

In determining the applicability of the recreational use statute to the facts of this case we must look to section 75.003 of the civil practice and remedies code, which states in relevant part:

(c) Except for a governmental unit, this chapter applies only to an owner, lessee, or occupant of real property who:

(1) does not charge for entry to the premises; [or]

(2) charges for entry to the premises [an amount limited by this statute]. . . .

\* \* \* \*

(e) Except as otherwise provided, this chapter applies to a governmental unit.

(f) This chapter does not waive sovereign immunity.

(g) To the extent that this chapter limits the liability of a governmental unit under circumstances in which the governmental unit would be liable under Chapter 101, this chapter controls.

TEX. CIV. PRAC. & REM.CODE ANN. § 75.003(c), (e)-(g) (Vernon 1997 & Supp. 2004).

Because the language of the recreational use statute is unambiguous, we interpret the statute according to its plain meaning. Section 75.003(e) provides that the recreational use statute applies to "governmental units." *Id.* § 75.003(e). Appellant is a governmental unit and is, therefore, a party to which this statute applies. *See id.*

§§ 75.001(4) ("governmental unit" has the meaning assigned under section 101.001), 101.001(3)(A) ("governmental unit" includes all departments of the government of this state). We note that the language in subsection (e), "except as otherwise provided," indicates the Legislature contemplated that certain sections or subsections of the statute would not apply to a governmental unit. For example, subsection (c) provides, "[e]xcept for a governmental unit, this chapter applies only to an owner, lessee, or occupant of real property" who does not charge or whose total charges are less than that mandated by the statute. *See id.* § 75.003(c). Reading subsections (c) and (e) together, it is clear the Legislature did not intend for the restrictions of subsection (c) to apply to governmental units. Therefore, the recreational use statute applies to all governmental units whether or not they charge a fee to enter the premises.

Furthermore, the Legislature has made clear the relationship between the recreational use statute and the tort claims act. Section 75.003(g) provides that in circumstances where a governmental unit would be liable under the tort claims act, the recreational use statute controls in limiting the liability of the governmental unit. TEX. CIV. PRAC. & REM.CODE ANN. § 75.003(g). The Legislature included a similar section in the tort claims act with the same directive. *See id.* § 101.058 ("To the extent that Chapter 75 limits the liability of a governmental unit under circumstances in which the governmental unit would be liable under this chapter, Chapter 75 controls."). We conclude, therefore, that the plain meaning and clear language of the recreational use statute dictates that the statute is to be applied to limit the liability of appellant under the facts of this case.

810

Therefore, applying the recreational use statute, the duty owed by appellant is only that owed to a trespasser—to refrain from causing injury willfully, wantonly, or through gross negligence. *Id.* § 75.002; *see City of Bellmead,* 89 S.W.3d at 613. Appellant's first issue is sustained.

B. Sufficiency of the Morrises' Pleadings

▇ By its second issue, appellant contends appellees failed to allege facts or offer evidence showing that the injury occurred as a result of wilful, wanton, or grossly negligent conduct.

▇ Gross negligence involves proof of two elements: (1) viewed objectively from the actor's standpoint, the act or omission must involve an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and (2) the actor must have actual, subjective awareness of the risk involved, but nevertheless proceed in conscious indifference to the rights, safety, or welfare of others. *Louisiana–Pacific Corp. v. Andrade,* 19 S.W.3d 245, 246 (Tex.1999) (citing *Transp. Ins. Co. v. Moriel,* 879 S.W.2d 10, 23 (Tex. 1994)). Under the first element, the "extreme risk" means the likelihood of serious injury to the plaintiff. *Mobil Oil Corp. v. Ellender,* 968 S.W.2d 917, 921 (Tex.1998). Under the second element, actual awareness means that the defendant knew about the peril, but its acts or omissions demonstrated that it did not care. *Id.*

In their petition, appellees alleged that: Defendant breached its duty to the Morris Family by failing to provide a safe campsite, including the failure to have waist-high fire grills or rings around the campfire pit, which are required by Defendant's express policies and regulation. Viewed objectively from Defendant's standpoint, the act or omission of failing to provide a safety [sic] and protected campfire pit involved an extreme

degree of risk, considering the probability and magnitude of the potential harm to the Morris Family. Furthermore, Defendant had actual, subjective awareness of the risk involved in failing to provide a safe and protected campfire pit, but nevertheless proceed[ed] in conscious indifference to the rights, safety, or welfare of the Morris Family. Defendant's willful, wanton, and grossly negligent conduct directly and proximately caused the occurrence in question. . . .

These allegations, when accepted as true and construed in favor of the pleader, support a claim for gross negligence. *See Brown,* 80 S.W.3d at 555; *Tex. Ass'n of Bus.,* 852 S.W.2d at 446. Therefore, we conclude the Morrises have sufficiently pled a cause of action under the recreational use statute and tort claims act. Appellant's second issue is overruled.

Accordingly, the judgment of the trial court is affirmed.