

# NUMBER 13-10-00126-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**DEPARTMENT OF AGING AND DISABILITY SERVICES, A TEXAS STATE AGENCY,** Appellant,

**v.**

**DEBORAH K. POWELL,** Appellee.

---

### On appeal from the 319th District Court of Nueces County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Benavides**
**Memorandum Opinion by Justice Rodriguez**

Appellant Department of Aging and Disability Services, a Texas State Agency, (the

Department) challenges the trial court's denial of its plea to the jurisdiction in appellee

Deborah K. Powell's workers' compensation retaliation case.   *See* TEX. LAB. CODE ANN. §

451.001 (West 2006). By one issue, the Department argues that the trial court erred in denying its plea to the jurisdiction because the Department's sovereign immunity has not been clearly and unambiguously waived, as required by section 311.034 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 311.034 (West Supp. 2010). We affirm.

## I. BACKGROUND

Powell was employed with the Department as a food-service worker and alleges that she suffered an injury on the job. Because the Department is a subscriber, Powell filed a workers' compensation claim for her injury. Powell alleges that she was released back to work by her doctor approximately three weeks after her injury. On the day after she returned to work, the Department terminated Powell's employment.

Powell sued the Department, alleging that she was terminated in retaliation for filing her workers' compensation claim. The Department answered and filed a plea to the jurisdiction based on Powell's petition alone, in which it argued that Powell's claims were barred by sovereign immunity. After a hearing, the trial court denied the Department's plea to the jurisdiction. This accelerated, interlocutory appeal followed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West 2008) (permitting the accelerated appeal of an interlocutory order "grant[ing] or den[ying] a plea to the jurisdiction by a governmental unit"); *see also* TEX. R. APP. P. 28.1.

## II. STANDARD OF REVIEW

A plea to the jurisdiction is a dilatory plea; its purpose is "to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's jurisdiction

2

over the subject matter of a pleaded cause of action. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Tex. Parks & Wildlife Dep't v. Morris*, 129 S.W.3d 804, 807 (Tex. App.—Corpus Christi 2004, no pet.). Subject matter jurisdiction is a question of law; therefore, an appellate court reviews de novo a trial court's ruling on a plea to the jurisdiction. *Miranda*, 133 S.W.3d at 226; *Morris*, 129 S.W.3d at 807.

Because immunity from suit defeats a trial court's subject-matter jurisdiction, it may be properly asserted in a jurisdictional plea. *Miranda*, 133 S.W.3d at 225-26. In a suit against the government, the plaintiff must affirmatively demonstrate the court's jurisdiction by alleging facts demonstrating a valid waiver of immunity. *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003). When a trial court's decision concerning a plea to the jurisdiction is based on the plaintiff's petition, we accept as true all factual allegations in the petition to determine if the plaintiff has met this burden. *Id.*; *Morris*, 129 S.W.3d at 807. We examine the pleader's intent and construe the pleading in the plaintiff's favor. *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002); *Tex. Dep't of Transp. v. Ramirez*, 74 S.W.3d 864, 867 (Tex. 2002) (per curiam).

### III. DISCUSSION

By its sole issue, the Department argues that the trial court erred in denying its plea to the jurisdiction. Specifically, the Department argues that section 311.034 of the government code requires a clear and unambiguous waiver of the Department's sovereign immunity and that the State Applications Act (SAA)—which governs the State and most of its agencies' obligation to provide workers' compensation insurance coverage to their employees—does not contain such a clear and unambiguous waiver of immunity from workers' compensation retaliation claims. *See* TEX. GOV'T CODE ANN. §

3

311.034; *see also* TEX. LAB. CODE ANN. §§ 501.002-.051 (West 2006 & Supp. 2010) (State Applications Act).

"State agencies are immune from liability in Texas unless the Legislature has waived that immunity." *Kerrville State Hosp. v. Fernandez*, 28 S.W.3d 1, 3 (Tex. 2000). Section 311.034 provides, in relevant part, as follows regarding the State's waiver of sovereign immunity: "In order to preserve the legislature's interest in managing state fiscal matters through the appropriations process, a statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language." TEX. GOV'T CODE ANN. § 311.034. However, as reasoned by the Texas Supreme Court:

> The clear and unambiguous requirement is not an end in itself, but merely a method to guarantee that courts adhere to legislative intent. Therefore, the doctrine should not be applied mechanically to defeat the true purpose of the law. . . . Legislative intent remains the polestar of statutory construction. We will not read statutory language to be pointless if it is reasonably susceptible of another construction. If a statute leaves no reasonable doubt of its purpose, we will not require perfect clarity, even in determining whether governmental immunity has been waived.

*Fernandez*, 28 S.W.3d at 3 (citations omitted); *see also Travis Cent. Appraisal Dist. v. Norman*, No. 09-0100, 2011 WL 1652133, at *4-5 (Tex. Apr. 29, 2011) (applying the foregoing legislative intent principle).

"The [SAA] is one of several statutes that require governmental entities to provide workers' compensation insurance coverage to their employees." *Fernandez*, 28 S.W.3d at 4. Section 501.002 of the SAA states that "Chaper 451"—i.e., the workers' compensation retaliation law—is among the several subtitles that "apply to and are included in" the SAA. TEX. LAB. CODE ANN. § 501.002(a)(10) (West 2006). Section

4

501.002 also provides that "[f]or the purposes of [the SAA] and Chapter 451, the individual state agency shall be considered the employer." *Id.* § 501.002(b). Finally, section 501.002 provides that the SAA does not "authorize[] a cause of action or damages against the state, state agency, or an employee of the state beyond the actions and damages authorized by [the Texas Tort Claims Act (TTCA)] . . . ." *Id.* § 501.002(d).

In *Fernandez*, the supreme court concluded that the SAA contained a waiver of sovereign immunity for workers' compensation retaliation claims by agency employees. 28 S.W.3d at 6. The supreme court held that the waiver was embodied in the SAA's identification of "the agency as the employer," concluding that the identification provision "has no meaning absent a waiver."[1] *Id.* The supreme court further concluded that the SAA's reference to the TTCA "is not a clear expression of waiver" but instead "incorporate[s] the [TTCA]'s damage caps"; "[t]hus, state agencies that violate the [workers' compensation retaliation law] may be held liable for damages subject to the limits on damages in the [TTCA]." *Id.* at 10.

Here, the Department argues that, because government code section 311.034 was enacted in 2001 after the issuance of *Fernandez*,[2] the waiver found implicit in the statute by the supreme court no longer passes the clear and unambiguous muster. We disagree.

---

[1] In *Fernandez*, the supreme court interpreted an earlier version of the SAA that was effective at the time of the plaintiff's claims. *See* Act of Dec. 13, 1989, 71st Leg., 2d C.S., ch. 1, § 15.44, 1989 TEX. GEN. LAWS 1, 111–12 (formerly codified as TEX. REV. CIV. STAT. art. 8309g, § 15). But that version of the SAA contains the same relevant language as the version that was effective at the time of Powell's claims. *See* Act of May 12, 1993, 73d Leg., R.S., ch. 269, § 1, 1993 TEX. GEN. LAWS 987, 1236-40 (amended 1995) (enacting the current version of the SAA and placing it in the Texas Labor Code). Thus, the *Fernandez* court's analysis of legislative intent remains applicable.

[2] *See* Act of May 26, 2001, 77th Leg., R.S., ch. 1158, § 8, 2001 TEX. GEN. LAWS 2570, 2572 (amended 2005).

5

The supreme court has very recently re-affirmed the principle that legislative intent is the "polestar" of statutory construction and that "when a waiver of immunity [is] necessary to make sense of a statute," that waiver is held "to be clear and unambiguous." *See Norman*, 2011 WL 1652133, at *4. Relying on this, we cannot conclude that the supreme court's conclusion—and supporting reasoning—in *Fernandez* is no longer good law. Rather, as the SAA has not been amended since *Fernandez* in any way relevant to the waiver issue, the Legislature's intent to waive State agencies' immunity for workers' compensation retaliation claims, as discerned by the *Fernandez* court, remains clear and unambiguous.[3]

Based on the foregoing, we conclude that the Department, as a state agency, is not immune from claims of workers' compensation retaliation. *See Fernandez*, 28 S.W.3d at 6. Thus, by alleging that her termination by the Department was in retaliation for filing her workers' compensation claim, Powell has alleged facts demonstrating a waiver of the Department's immunity. *See Whitley*, 104 S.W.3d at 542; *Brown*, 80 S.W.3d at 555. The trial court did not err in denying the Department's plea to the jurisdiction on immunity grounds. We overrule the Department's sole issue on appeal.

---

[3] We note that in *Norman*, the supreme court interpreted the Political Subdivisions Law (PSL), which governs the obligation of governmental entities such as counties, utility districts, and other subdivisions to provide workers' compensation coverage to their employees. *Travis Cent. Appraisal Dist. v. Norman*, No. 09-0100, 2011 WL 1652133, at *3-4 (Tex. Apr. 29, 2011). The supreme court stated that a 2005 amendment to the PSL created a blatant contradiction regarding waiver of immunity. *Id.* at *5. One provision of the PSL purported to waive immunity from workers' compensation retaliation claims while another contained an express statement that "[n]othing in this chapter waives sovereign immunity or creates a new cause of action." *Id.* at *3, 5 (internal quotations omitted). For this reason, the supreme court held that there could be no clear and unambiguous waiver of governmental immunity. *Id.* at *5.

Unlike the PSL, which was the applicable law in *Norman*, the SAA does not contain a contradictory statement precluding waiver. The SAA was, in relevant part, the same at the time of Powell's lawsuit as it was at the time of the *Fernandez* court's conclusion that it waived state agencies' immunity from workers' compensation retaliation claims. And as discussed in the text, we believe that the rationale in *Fernandez* is still applicable today. *Norman*'s PSL-specific analysis does not contain any broad implications that affect our analysis of the Department's immunity in this case.

## IV. CONCLUSION

The order of the trial court denying the Department's plea to the jurisdiction is affirmed.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the
26th day of May, 2011.

7