NUMBER 13-10-00126-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI - EDINBURG  

                                                                                                                     


 

DEPARTMENT OF AGING
AND DISABILITY

SERVICES, A TEXAS STATE
AGENCY,                                         Appellant,

 

v.

 

DEBORAH K. POWELL,                                                         
  Appellee.

                                                                                                                     
  

 

On appeal from the 319th
District Court 

of Nueces County,
Texas.

                                                                                                                     


 

MEMORANDUM OPINION

 

Before Chief Justice
Valdez and Justices Rodriguez and Benavides 

Memorandum Opinion by
Justice Rodriguez

 

                Appellant Department of Aging and
Disability Services, a Texas State Agency, (the Department) challenges the
trial court's denial of its plea to the jurisdiction in appellee Deborah K.
Powell's workers' compensation retaliation case.  See Tex. Lab. Code Ann. § 451.001 (West
2006).  By one issue, the Department argues that the trial court erred in
denying its plea to the jurisdiction because the Department's sovereign
immunity has not been clearly and unambiguously waived, as required by section
311.034 of the Texas Government Code.  See Tex. Gov't Code Ann. § 311.034 (West Supp. 2010).  We affirm.

I. 
Background

 

            Powell was employed with the Department as a
food-service worker and alleges that she suffered an injury on the job. 
Because the Department is a subscriber, Powell filed a workers' compensation
claim for her injury.  Powell alleges that she was released back to work by her
doctor approximately three weeks after her injury.  On the day after she
returned to work, the Department terminated Powell's employment.

            Powell sued the Department, alleging that she
was terminated in retaliation for filing her workers' compensation claim.  The
Department answered and filed a plea to the jurisdiction based on Powell's petition
alone, in which it argued that Powell's claims were barred by sovereign
immunity.  After a hearing, the trial court denied the Department's plea to the
jurisdiction.  This accelerated, interlocutory appeal followed.  See Tex. Civ. Prac. & Rem. Code Ann. §
51.014(a)(8) (West 2008) (permitting the accelerated appeal of an interlocutory
order "grant[ing] or den[ying] a plea to the jurisdiction by a
governmental unit"); see also Tex.
R. App. P. 28.1.

II. 
Standard of Review

 

            A plea to the jurisdiction is a dilatory
plea; its purpose is "to defeat a cause of action without regard to
whether the claims asserted have merit."  Bland Indep. Sch. Dist. v.
Blue, 34 S.W.3d 547, 554 (Tex. 2000).  The plea challenges the trial
court's jurisdiction over the subject matter of a pleaded cause of action.  Tex.
Dep't of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004); Tex.
Parks & Wildlife Dep't v. Morris, 129 S.W.3d 804, 807 (Tex. App.—Corpus
Christi 2004, no pet.).  Subject matter jurisdiction is a question of law;
therefore, an appellate court reviews de novo a trial court's ruling on a plea
to the jurisdiction.  Miranda, 133 S.W.3d at 226; Morris, 129
S.W.3d at 807. 

Because immunity from suit defeats a
trial court's subject-matter jurisdiction, it may be properly asserted in a
jurisdictional plea.  Miranda, 133 S.W.3d at 225-26.  In a suit against
the government, the plaintiff must affirmatively demonstrate the court's
jurisdiction by alleging facts demonstrating a valid waiver of immunity.  Dallas
Area Rapid Transit v. Whitley, 104 S.W.3d 540, 542 (Tex. 2003).  When a
trial court's decision concerning a plea to the jurisdiction is based on the
plaintiff's petition, we accept as true all factual allegations in the petition
to determine if the plaintiff has met this burden.  Id.; Morris,
129 S.W.3d at 807.  We examine the pleader's intent and construe the pleading
in the plaintiff's favor.  County of Cameron v. Brown, 80 S.W.3d 549,
555 (Tex. 2002); Tex. Dep't of Transp. v. Ramirez, 74 S.W.3d 864, 867
(Tex. 2002) (per curiam).

III. 
Discussion

 

            By its sole issue, the Department argues that
the trial court erred in denying its plea to the jurisdiction.  Specifically,
the Department argues that section 311.034 of the government code requires a
clear and unambiguous waiver of the Department's sovereign immunity and that
the State Applications Act (SAA)—which governs the State and most of its
agencies' obligation to provide workers' compensation insurance coverage to
their employees—does not contain such a clear and unambiguous waiver of
immunity from workers' compensation retaliation claims.  See Tex. Gov't Code Ann. § 311.034; see also
Tex. Lab. Code Ann. §§
501.002-.051 (West 2006 & Supp. 2010) (State Applications Act).

            "State agencies are immune from
liability in Texas unless the Legislature has waived that immunity."  Kerrville
State Hosp. v. Fernandez, 28 S.W.3d 1, 3 (Tex. 2000).  Section 311.034
provides, in relevant part, as follows regarding the State's waiver of
sovereign immunity:  "In order to preserve the legislature's interest in
managing state fiscal matters through the appropriations process, a statute
shall not be construed as a waiver of sovereign immunity unless the waiver is
effected by clear and unambiguous language."  Tex. Gov't Code Ann. § 311.034.  However, as reasoned by the
Texas Supreme Court: 

The clear and
unambiguous requirement is not an end in itself, but merely a method to
guarantee that courts adhere to legislative intent.  Therefore, the doctrine
should not be applied mechanically to defeat the true purpose of the law. . .
.  Legislative intent remains the polestar of statutory construction.  We will
not read statutory language to be pointless if it is reasonably susceptible of
another construction.  If a statute leaves no reasonable doubt of its purpose,
we will not require perfect clarity, even in determining whether governmental
immunity has been waived.

 

Fernandez, 28 S.W.3d at 3 (citations
omitted); see also Travis Cent. Appraisal Dist. v. Norman, No. 09-0100,
2011 WL 1652133, at *4-5 (Tex. Apr. 29, 2011) (applying the foregoing
legislative intent principle).

            "The [SAA] is one of several statutes
that require governmental entities to provide workers' compensation insurance
coverage to their employees."  Fernandez, 28 S.W.3d at 4.  Section
501.002 of the SAA states that "Chaper 451"—i.e., the workers'
compensation retaliation law—is among the severaI subtitles that "apply to
and are included in" the SAA.  Tex.
Lab. Code Ann. § 501.002(a)(10) (West 2006).  Section 501.002 also
provides that "[f]or the purposes of [the SAA] and Chapter 451, the
individual state agency shall be considered the employer."  Id. §
501.002(b).  Finally, section 501.002 provides that the SAA does not
"authorize[] a cause of action or damages against the state, state agency,
or an employee of the state beyond the actions and damages authorized by [the
Texas Tort Claims Act (TTCA)] . . . ."  Id. § 501.002(d).  

In Fernandez, the supreme court
concluded that the SAA contained a waiver of sovereign immunity for workers'
compensation retaliation claims by agency employees.  28 S.W.3d at 6.  The
supreme court held that the waiver was embodied in the SAA's identification of
"the agency as the employer," concluding that the identification
provision "has no meaning absent a waiver."[1] 
Id.  The supreme court further concluded that the SAA's reference to the
TTCA "is not a clear expression of waiver" but instead
"incorporate[s] the [TTCA]'s damage caps"; "[t]hus, state
agencies that violate the [workers' compensation retaliation law] may be held
liable for damages subject to the limits on damages in the [TTCA]."  Id.
at 10.  

Here, the Department argues that,
because government code section 311.034 was enacted in 2001 after the issuance
of Fernandez,[2]
the waiver found implicit in the statute by the supreme court no longer passes
the clear and unambiguous muster.  We disagree.

            The supreme court has very recently
re-affirmed the principle that legislative intent is the "polestar"
of statutory construction and that "when a waiver of immunity [is]
necessary to make sense of a statute," that waiver is held "to be
clear and unambiguous."  See Norman, 2011 WL 1652133, at *4. 
Relying on this, we cannot conclude that the supreme court's conclusion—and
supporting reasoning—in Fernandez is no longer good law.  Rather, as the
SAA has not been amended since Fernandez in any way relevant to the
waiver issue, the Legislature's intent to waive State agencies' immunity for
workers' compensation retaliation claims, as discerned by the Fernandez
court, remains clear and unambiguous.[3]

            Based on the foregoing, we conclude that the
Department, as a state agency, is not immune from claims of workers'
compensation retaliation.  See Fernandez, 28 S.W.3d at 6.  Thus, by
alleging that her termination by the Department was in retaliation for filing
her workers' compensation claim, Powell has alleged facts demonstrating a
waiver of the Department's immunity.  See Whitley, 104 S.W.3d at 542; Brown,
80 S.W.3d at 555.  The trial court did not err in denying the Department's plea
to the jurisdiction on immunity grounds.  We overrule the Department's sole
issue on appeal.

IV. 
Conclusion

 

            The order of the trial court denying the
Department's plea to the jurisdiction is affirmed.

            

                                                                                                             NELDA
V. RODRIGUEZ

                                                                                                             Justice

 

Delivered
and filed the 

26th
day of May, 2011.









[1]
In Fernandez, the supreme court interpreted an earlier version of the
SAA that was effective at the time of the plaintiff's claims.  See Act
of Dec. 13, 1989, 71st Leg., 2d C.S., ch. 1, § 15.44, 1989 Tex. Gen. Laws 1, 111–12 (formerly
codified as Tex. Rev. Civ. Stat.
art. 8309g, § 15).  But that version of the SAA contains the same relevant
language as the version that was effective at the time of Powell's claims.  See
Act of May 12, 1993, 73d Leg., R.S., ch. 269, § 1, 1993 Tex. Gen. Laws 987, 1236-40 (amended 1995) (enacting the
current version of the SAA and placing it in the Texas Labor Code).  Thus, the Fernandez
court's analysis of legislative intent remains applicable.





[2]
See Act of May 26, 2001, 77th Leg., R.S., ch. 1158, § 8, 2001 Tex. Gen. Laws 2570, 2572 (amended
2005).





[3]
We note that in Norman, the supreme court interpreted the Political
Subdivisions Law (PSL), which governs the obligation of governmental entities
such as counties, utility districts, and other subdivisions to provide workers'
compensation coverage to their employees.  Travis Cent. Appraisal Dist. v.
Norman, No. 09-0100, 2011 WL 1652133, at *3-4 (Tex. Apr. 29, 2011).  The
supreme court stated that a 2005 amendment to the PSL created a blatant
contradiction regarding waiver of immunity.  Id. at *5.  One provision
of the PSL purported to waive immunity from workers' compensation retaliation
claims while another contained an express statement that "[n]othing in
this chapter waives sovereign immunity or creates a new cause of action." 
Id. at *3, 5 (internal quotations omitted).  For this reason, the
supreme court held that there could be no clear and unambiguous waiver of
governmental immunity.  Id. at *5.

Unlike the PSL, which was the applicable law in Norman,
the SAA does not contain a contradictory statement precluding waiver.  The SAA
was, in relevant part, the same at the time of Powell's lawsuit as it was at
the time of the Fernandez court's conclusion that it waived state
agencies' immunity from workers' compensation retaliation claims.  And as
discussed in the text, we believe that the rationale in Fernandez is
still applicable today.  Norman's PSL-specific analysis does not contain
any broad implications that affect our analysis of the Department's immunity in
this case.