

# NUMBER 13-12-00419-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**JOSE L. SOTO,**                                                                                 **Appellant,**

**v.**

**CITY OF EDINBURG, TEXAS,**                                                          **Appellee.**

---

### On appeal from the County Court at Law No. 7 of Hidalgo County, Texas.

---

# MEMORANDUM OPINION[1]

### Before Chief Justice Valdez and Justices Rodriguez and Longoria Memorandum Opinion by Justice Rodriguez

---

[1] On August 23, 2012, by per curiam memorandum opinion, we dismissed this appeal for want of jurisdiction. *See* TEX. R. APP. P. 37.3, 42.3. Soto filed motions with the Court, requesting that the Court reconsider its dismissal and reinstate the appeal. We granted the motions and reinstated the appeal on September 14, 2012. Accordingly, we withdraw our opinion and judgment of August 23, 2012, and substitute this opinion and judgment in their place.

Appellant Jose L. Soto, a police officer employed by appellee the City of Edinburg, Texas, challenges the plea to the jurisdiction granted in favor of the City on Soto's claim for backpay. By one issue, Soto argues that the City did not have governmental immunity from his claim and the trial court therefore erred in granting the plea to the jurisdiction. We reverse and remand.

## I.   Background

In his petition, Soto, a corporal with the Edinburg Police Department, alleged that the City failed to compensate him for work he performed above his classification when his sergeant did not report for duty. Soto alleged causes of action for breach of contract, quantum meruit, and violations of section 143.038 of the local government code. *See* TEX. LOC. GOV'T CODE ANN. § 143.038(b) (West 2008). Soto also sought a declaratory judgment.

The City filed a plea to the jurisdiction, in which it asserted that the City's charter "retain[ed] its immunity from suit by stating, 'the city shall have and may exercise all municipal powers, functions, rights, **privileges, and immunities** of every nature whatsoever.'" (Emphasis in original.) In its response to the City's plea, citing section 271.152 of the local government code, Soto argued that the City had waived its immunity for breach of contract claims. *See id.* § 271.152 (West 2005). The trial court granted the City's plea to the jurisdiction.

## II.   Discussion

By one issue on appeal, Soto argues that the trial court erred in granting the City's plea to the jurisdiction. Citing local government code section 180.006, Soto argues that

2

the City's immunity from his backpay claims is expressly waived by statute. *See id.* §

180.006 (West 2008).[2]

Here, the City did not base its plea to the jurisdiction on local government code

section 180.006. Rather, the City invoked its own charter as the basis for its argument

that it was immune from Soto's claims. Neither did Soto raise section 180.006 in his

response to the City's plea. Thus, the trial court did not rule on the basis for jurisdiction

asserted by Soto on appeal. Nonetheless, the Texas Supreme Court has ruled that

immunity issues may be raised for the first time on appeal. *See Manbeck v. Austin*

*Indep. Sch. Dist.*, 381 S.W.3d 528, 530 (Tex. 2012); *see also Rusk State Hosp. v. Black*,

No. 10-0548, 2012 WL 3800218, at *6 (Tex. Aug. 31, 2012).[3] So we will address Soto's

argument that section 180.006 waives the City's immunity and gives the trial court

---

[2] Soto also cites local government code section 142.0015, which limits the number of hours per week a police officer may work and details the overtime pay an officer may be entitled to in certain situations, such as emergencies. *See* TEX. LOC. GOV'T CODE ANN. § 142.0015(f), (h) (West Supp. 2011). But Soto pled no cause of action under local government code section 142.0015. His claims were based on duties above his classification he alleged he performed and was not compensated for, in violation of local government code section 143.038. *See id.* § 143.038(b) (West 2008) ("The department head may designate a person from the next lower classification to temporarily fill a position in a higher classification. The designated person is entitled to the base salary of the higher position plus the person's own longevity or seniority pay, educational incentive pay, and certification pay during the time the person performs the duties."). We will not address any argument with a basis in section 142.0015 because a cause of action under that statue was never before the trial court.

[3] Both *Manbeck* and *Rusk* involve appeals from trial courts' denials of pleas to the jurisdiction in which the governmental entity asserts sovereign immunity as a jurisdictional defense for the first time on appeal. *See Manbeck v. Austin Indep. Sch. Dist.*, 381 S.W.3d 528, 530 (Tex. 2012); *see also Rusk State Hosp. v. Black*, No. 10-0548, 2012 WL 3800218, at *6 (Tex. Aug. 31, 2012). By contrast, in this case, a plaintiff is appealing the granting of a governmental entity's plea to the jurisdiction on a basis not asserted by the plaintiff in his response. We see no reason why a rule announced in the context of a governmental entity appealing a denial of a plea on an immunity basis not presented to the trial court should not also apply in the context of a plaintiff appealing the granting of a plea on an immunity basis not presented to the trial court. In holding that immunity may be asserted for the first time on appeal, the supreme court reasoned that although immunity does not necessarily equate to subject-matter jurisdiction, it sufficiently "implicates a court's subject-matter jurisdiction" such that it may be raised for the first time on appeal. *See Rusk State. Hosp.*, 2012 WL 3800218, at *5–6; *see also Manbeck*, 381 S.W.3d at 530. With the gravity of this jurisdictional principle in mind, we conclude that a party should be able to assert immunity arguments for the first time on appeal, regardless of whether that party is attempting to invoke or avoid the jurisdiction of the court.

jurisdiction over his claim.

A plea to the jurisdiction is a dilatory plea; its purpose is "to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's jurisdiction over the subject matter of a pleaded cause of action. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Tex. Parks & Wildlife Dep't v. Morris*, 129 S.W.3d 804, 807 (Tex. App.—Corpus Christi 2004, no pet.). Subject matter jurisdiction is a question of law; therefore, an appellate court reviews de novo a trial court's ruling on a plea to the jurisdiction. *Miranda*, 133 S.W.3d at 226; *Morris*, 129 S.W.3d at 807.

In reviewing a plea to jurisdiction, we look to the allegations in the pleadings, construe them in the plaintiff's favor, and look to the pleader's intent. *See County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002). The plaintiff bears the burden to allege facts affirmatively demonstrating the trial court's jurisdiction to hear a case. *Tex. Dep't of Transp. v. Ramirez*, 74 S.W.3d 864, 867 (Tex. 2002); *Morris*, 129 S.W.3d at 807. We consider the facts alleged in the petition, and if the plea to the jurisdiction was determined solely on the pleadings, it is reviewed de novo. *Miranda*, 133 S.W.3d at 226.

> When a plaintiff fails to plead facts that establish jurisdiction, but the petition does not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be afforded the opportunity to amend. On the other hand, if the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend.

*Brown*, 80 S.W.3d at 555 (citations omitted).

Section 180.006 waives governmental immunity for backpay claims alleged by

4

police officers covered by chapters 141, 142, or 143 of the local government code.[4] *See* TEX. LOC. GOV'T CODE ANN. § 180.006(a), (b). Section 180.006 further provides that, before an officer may seek judicial review of a backpay claim, the officer must exhaust all applicable grievance procedures or other administrative remedies. *See id.* § 180.006(b), (e).

Here, the trial court decided the jurisdictional issue solely on Soto's pleadings; there was no jurisdictional evidence before the court. We will therefore look only to the pleadings in our review of the trial court's ruling. *See Miranda*, 133 S.W.3d at 226. Other than bringing a cause of action under section 143.038, Soto's petition alleges no facts indicating whether he is a police officer governed by chapters 141, 142, or 143 of the local government code. Neither does Soto allege any facts indicating whether any grievance procedure or other administrative remedies applied to his claim and, if so, whether he exhausted those remedies. Because the existing pleadings do not affirmatively demonstrate that the City's immunity has been waived under section 180.006, we cannot conclude that Soto alleged facts that established the trial court's jurisdiction over his claims. *See* TEX. LOC. GOV'T CODE ANN. § 180.006(a), (b), (e); *see also Morris*, 129 S.W.3d at 807; *Ramirez*, 74 S.W.3d at 867.

However, we also cannot conclude that Soto's pleadings affirmatively negate the existence of jurisdiction. It is possible that facts exist which would waive the City's immunity under section 180.006. As such, Soto's petition suffers from a pleading

---

[4] *See* TEX. LOC. GOV'T CODE ANN. §§ 141.001–.035 (governing the compensation and benefits of municipal officers and employees), 142.001–.163 (governing the assistance, benefits, and working conditions of municipal officers and employees), 143.001–.363 (establishing the municipal civil service for police officers and firefighters) (West 2008 & Supp. 2011).

5

deficiency, and he should be given the opportunity to amend his pleadings to cure the deficiency. *See Brown*, 80 S.W.3d at 555. In short, although the trial court did not err in concluding that it lacked jurisdiction over Soto's existing petition, the court did err in not giving Soto an opportunity to amend the curable defects. We sustain Soto's appellate issue.

### III. Conclusion

Although Soto's pleadings do not contain facts sufficient to invoke the trial court's jurisdiction, they do not affirmatively negate the existence of jurisdiction. Because this pleading defect is one for which Soto should be afforded an opportunity to amend, we reverse the trial court's judgment dismissing for lack of jurisdiction and remand the case to the trial court.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the 14th
day of February, 2013.

6