

NUMBER 13-15-00542-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

MASON CASTILLO,                                                          Appellant,

v.

CITY OF EDINBURG AND THE UNIVERSITY
OF TEXAS–PAN AMERICAN,                                          Appellees.

---

**On appeal from the 389th District Court
of Hidalgo County, Texas.**

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Longoria
Memorandum Opinion by Justice Garza**

Appellant Mason Castillo filed suit against The University of Texas–Pan American

(UTPA)[1] and the City of Edinburg ("the City") for injuries he sustained when he was struck

---

[1] We note that the University of Texas–Pan American (UTPA) ceased to exist in September 2015. That entity became a new university, The University of Texas Rio Grande Valley. We refer to the university as UTPA because it was so designated at the time of the accident.

by a vehicle while riding his bicycle in a crosswalk on Sugar Road in Edinburg, Texas adjacent to the UTPA campus. UTPA and the City each filed a plea to the jurisdiction; the trial court granted both pleas. By a single issue, appellant contends the trial court erred in granting the pleas because the placement of the yield sign on Sugar Road and condition of the crosswalk pavement markings constituted a premises defect, which waived the City's and UTPA's sovereign immunity. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.021(2), 101.022 (West, Westlaw through 2015 R.S.). We affirm.

## I. BACKGROUND

On February 22, 2013, Castillo, a student at UTPA, was crossing Sugar Road on his bicycle in the crosswalk between the Wellness and Recreation Sports Complex and the UTPA main campus when he was struck by a northbound pickup driven by Carlos Valdez Jr. Castillo sued UTPA and the City, alleging that the yield signs were in a defective condition because they were placed too close to the crosswalk and the pavement markings were too faded to be clearly visible to drivers. Castillo alleged that the defendants' failure to maintain or repair the condition of the yield signs and pavement markings proximately caused his injuries.

The City filed a plea to the jurisdiction, in which it argued that there was no waiver of its governmental immunity because: (1) it did not receive notice of appellant's claims within six months of the date of the accident, as required by section 101.101 of the civil practice and remedies code, *see id.* § 101.101 (West, Westlaw through 2015 R.S.); (2) the design of the crosswalk was entirely discretionary; (3) there was nothing wrong with the crosswalk and the City did not have notice of a condition that needed correction; and (4) the condition of the crosswalk did not cause or contribute to the accident. As evidence,

2

the City attached: (1) a copy of the police report regarding the accident; (2) photographs of the accident; (3) excerpts from Valdez's deposition testimony; (4) a copy of the citation issued to the City reflecting that the City was served with the lawsuit on November 12, 2013; (5) an affidavit by Estella Hinojosa, the City's Risk Management Coordinator, stating that the City received no notice of Castillo's claim prior to being served with the lawsuit; and (6) an affidavit by Ponciano Longoria, the City's Director of Public Works, stating that the crosswalk was repainted in August 2012 and that the City had no notice of any need for repairs to the crosswalk prior to being served with Castillo's suit.

UTPA filed a plea to the jurisdiction, in which it argued that its sovereign immunity was not waived because: (1) claims based on the performance or nonperformance of a governmental unit's discretionary acts—such as the failure to place traffic or road signals or warnings—are exempted from the waiver of immunity for premises defects, *see id.* § 101.056 (West, Westlaw through 2015 R.S.); (2) Castillo has not alleged a viable premises liability claim; and (3) the evidence established that the crosswalk markings did not proximately cause the accident. In support of its plea, UTPA attached: (1) a copy of the police report regarding the accident; (2) a video showing the accident[2]; (3) excerpts from Castillo's deposition testimony; (4) Castillo's interrogatory responses; (5) excerpts from Valdez's deposition testimony; (6) photographs of the scene of the accident; (7) a copy of the Interlocal Cooperation Contract between the City and UTPA regarding the purchase, installation, and maintenance of crosswalk signage; (8) Castillo's live petition; and (9) Ponciano Longoria's affidavit stating that the July 8, 2010 Interlocal Cooperation

---

[2] The affidavit of Martin V. Baylor, which accompanied the video, stated that video of the accident was captured by one of several video cameras installed on the UTPA campus for security purposes. The video is not included in the record before us.

3

Contract ended on May 31, 2010 and that at the time of the accident on February 22, 2013, the City owned and maintained Sugar Road and the crosswalk where the accident occurred.

On October 19, 2015, the trial court granted the City's and UTPA's pleas to the jurisdiction without stating the grounds for its rulings.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

A plea to the jurisdiction is a dilatory plea; its purpose is "to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's jurisdiction over the subject matter of a pleaded cause of action. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Tex. Parks & Wildlife Dep't v. Morris*, 129 S.W.3d 804, 807 (Tex. App.—Corpus Christi 2004, no pet.). Subject-matter jurisdiction is a question of law; therefore, an appellate court reviews de novo a trial court's ruling on a plea to the jurisdiction. *Miranda*, 133 S.W.3d at 226; *Morris*, 129 S.W.3d at 807.

"Sovereign immunity includes two distinct principles, immunity from suit and immunity from liability." *Miranda*, 133 S.W.3d at 224. "Immunity from liability is an affirmative defense, while immunity from suit deprives a court of subject matter jurisdiction." *Id.* Because immunity from suit defeats a trial court's subject-matter jurisdiction, it may be properly asserted in a jurisdictional plea. *Id.* at 225–26. In a suit against a governmental unit, the plaintiff must affirmatively demonstrate the court's jurisdiction by alleging a valid waiver of immunity. *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003). We assume the truth of the jurisdictional facts alleged in the pleadings unless the defendant presents evidence to negate their existence.

4

*Miranda*, 133 S.W.3d at 226–27. If a plea to the jurisdiction challenges the jurisdictional facts, we consider relevant evidence submitted by the parties to resolve the jurisdictional issues raised. *City of Waco v. Kirwan*, 298 S.W.3d 618, 622 (Tex. 2008) (citing *Miranda*, 133 S.W.3d at 227); *see Bland Indep. Sch. Dist.*, 34 S.W.3d at 555. If that evidence creates a fact issue as to jurisdiction, then it is for the fact-finder to decide. *City of Waco*, 298 S.W.3d at 622; *Miranda*, 133 S.W.3d at 227–28. "However, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law." *Miranda*, 133 S.W.3d at 228. After the defendant "asserts and supports with evidence that the trial court lacks subject[-]matter jurisdiction, we simply require the plaintiffs, when the facts underlying the merits and subject matter jurisdiction are intertwined, to show that there is a disputed material fact regarding the jurisdictional issue." *Id.* This standard "generally mirrors" that of a traditional motion for summary judgment. *Id.* When reviewing a plea to the jurisdiction in which the pleading requirement has been met and evidence has been submitted to support the plea that implicates the merits of the case, we take as true all evidence favorable to the non-movant. *Id.*; *see County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002). We do not "weigh the claims' merits but must consider only the plaintiffs' pleadings and the evidence pertinent to the jurisdictional inquiry." *Brown*, 80 S.W.3d at 555.

The Texas Supreme Court has long recognized that sovereign immunity, unless waived, protects the State of Texas, its agencies, and its officials from lawsuits for damages, absent legislative consent to sue the State. *Miranda*, 133 S.W.3d at 224.

Sovereign immunity protects public universities. *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003).

"The Texas Tort Claims Act [TTCA] provides a limited waiver of sovereign immunity." *Miranda*, 133 S.W.3d at 224 (citations omitted). Sections 101.021 and 101.022 of the TTCA waive immunity in only three scenarios: (1) negligent operation or use of a motor-driven vehicle or equipment by a state employee; (2) negligent use of tangible personal property by a state employee, *see* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021; and (3) premises defects, *see id.* § 101.022.

If a claim arises from a premise defect and the recreational use statute does not apply,[3] the governmental entity owes to the claimant only the duty that a private person owes to a licensee on private property, unless the claimant pays for the use of the premises.[4] *Id.* § 101.022(a); *Sampson v. Univ. of Tex. at Austin*, No. 14–0745, ___S.W.3d ___, ___, 2016 WL 3212996, at *2 (Tex. June 10, 2016); *City of Irving v. Seppy*, 301 S.W.3d 435, 441 (Tex. App.—Dallas 2009, no pet.). This duty requires the landowner to avoid injuring a licensee by willful, wanton or grossly negligent conduct, and to use ordinary care either to warn a licensee of, or to make reasonably safe, a dangerous condition of which the owner is aware and the licensee is not. *Sampson*, 2016 WL 3212996, at *2; *State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex. 1992) (op. on reh'g); *Seppy*, 301 S.W.3d at 441. To be subject to the duty to warn

---

[3] The recreational use statute applies only if a person enters premises owned, operated, or maintained by a governmental unit and engages in recreation on those premises. *See* TEX. CIV. PRAC. & REM. CODE ANN. 75.002(f) (West, Westlaw through 2015 R.S.). There are no such allegations in this case.

[4] We note that appellant asserts that, because he was a student at UTPA at the time of the accident, he "paid for the use of the premises" and was therefore an invitee as to UTPA. Because our disposition focuses on appellant's failure to show that any breach by either appellee proximately caused his injuries, we need not address appellant's invitee argument. *See* TEX. R. APP. P. 47.1.

6

or make reasonably safe, the governmental entity must have actual knowledge of the dangerous condition. *Sampson*, 2016 WL 3212996, at *6; *City of Corsicana v. Stewart*, 249 S.W.3d 412, 413–14, 416 (Tex. 2008) (per curiam); *City of Dallas v. Giraldo*, 262 S.W.3d 864, 869 (Tex. App.—Dallas 2008, no pet.); *Payne*, 838 S.W.2d at 237. Constructive knowledge of the defect is insufficient. *Sampson*, 2016 WL 3212996, at *6; *Stewart*, 249 S.W.3d at 414–16.

> Absent willful, wanton, or grossly negligent conduct, a licensee must prove the following elements to establish the breach of duty owed to him: (1) a condition of the premises created an unreasonable risk of harm to the licensee; (2) the owner actually knew of the condition; (3) the licensee did not actually know of the condition; (4) the owner failed to exercise ordinary care to protect the licensee from danger; [and] (5) the owner's failure was a proximate cause of injury to the licensee. *Payne*, 838 S.W.2d at 237. Therefore, if [UTPA and the City] can show there was no evidence of one of these elements, [their] plea[s] to the jurisdiction should be granted. *See* [*Univ. of Tex.–Pan American v. Aguilar*, 251 S.W.3d 511, 512, 514 (Tex. 2008)].

*Sampson*, 2016 WL 3212996, at *6.

### III. DISCUSSION

UTPA and the City each argued—in their pleas to the jurisdiction and on appeal—that appellant failed to show any evidence that any acts or omissions by UTPA or the City—the placement of the yield signs or the alleged failure to maintain the pavement markings—proximately caused his injuries because his injuries were caused solely by Valdez's inattention. We agree.

In his deposition testimony, Valdez testified that, at the time of the accident, he was a student at UTPA. On the day of the accident, he had dropped off his ex-girlfriend and was headed back to her apartment, a routine trip he had made "more than probably 55, 70 times." He was familiar with the crosswalk and had stopped for pedestrians there

7

"many times." When asked if he had any trouble seeing the pavement markings or the yield sign, Valdez replied, "No." He stated that when he was about fifteen or twenty feet from the crosswalk, he was waving at a girl and did not see Castillo prior to hitting him. The City's attorney elicited the following testimony:

Q [City's counsel]: Okay. But what I'm asking more is, was there anything that you—about the crosswalk, like was it obstructed, was the sign that says to yield to pedestrians obstructed, could you not see the stripes on the road, anything like that, that you would say in any way contributed to the accident?

A [Valdez]: No.

Q: Okay.

A: It was second nature at that point. I already had been at Pan Am for so long.

Q: This is simply you not seeing anybody at the crosswalk and then becoming distracted momentarily?

A: Yes.

Appellant argues that a fact issue exists regarding whether the condition of the pavement markings and the location of the yield sign proximately caused his injuries. According to appellant, the condition of the pavement markings and location of the yield sign were substantial factors in bringing about his injuries. Appellant cites *Pitts v. Winkler County*, 351 S.W.3d 564, 576 (Tex. App.—El Paso 2011, no pet.), and *City of Midland v. Sullivan*, 33 S.W.3d 1 (Tex. App.—El Paso 2000, pet. dism'd w.o.j.), for the proposition that it is not necessary for a plaintiff to show that a defective property condition directly caused his injuries; rather, it is sufficient for a plaintiff to show that the defective property was a substantial factor in bringing about his injuries. *See Pitts*, 351 S.W.3d at 576; *City of Midland*, 33 S.W.3d at 9.

8

We find both cases distinguishable. In *Pitts*, an oil spill occurred on a county road in Winkler County. *See Pitts*, 351 S.W.3d at 569. The county's foreman in charge of maintaining the roads in the precinct covered the spill with dirt. *See id.* An accident occurred when a driver's car failed to stop at a stop sign and crashed into the plaintiff's car. *See id.* The plaintiff sued the county, alleging that the oil spill covered with dirt constituted a premises defect. *See id.* The county argued that the plaintiff's injuries were caused by the driver running the stop sign. *See id.* at 576. The El Paso Court of Appeals, however, citing *City of Midland*, rejected the county's argument and found that the dirt and oil mixture "was at least a substantial factor" in bringing about the plaintiff's injuries. *See id.*

In *City of Midland*, a high school student was struck by a vehicle as he walked through a crosswalk. *See City of Midland*, 33 S.W.3d at 5. His parents sued, alleging that the crosswalk was defective because the pavement markers were not clearly visible to motorists. *See id.* at 6. The City argued that the condition of the crosswalk merely furnished the condition which made the injury possible, but did not cause the student's injuries. *See id.* at 8. The El Paso Court of Appeals disagreed, finding that the condition of the property (the defective and inadequate condition of the pavement markers and warning signs) was a substantial factor in bringing about the student's injuries. *See id.* at 9.

In *Pitts*, the evidence showed that the dirt on the road disguised the oil spill and there was no way for a driver to know that the area was slick as he approached the intersection. *See Pitts*, 351 S.W.3d at 573. The driver was unable to stop due to the oil and dirt mixture on the road. *See id.* In *City of Midland*, the pleadings alleged that the

9

motorist was unaware of the school zone due to the defective and inadequate condition of the pavement markers and the warning signs. *See City of Midland*, 33 S.W.3d at 9. In contrast, the evidence in the present case shows that Valdez was familiar with the crosswalk and had stopped there "many times." Valdez testified unequivocally that there was nothing about the condition of the crosswalk that contributed to the accident. Appellant did not produce any evidence to the contrary.

Appellant points to Valdez's deposition testimony in which he stated that if the yield sign were placed further away from the crosswalk, it would be "more of an alert" because a sign "right on top of the crosswalk" does not provide "much notice." However, even assuming that moving the yield sign would provide more notice, notice was not at issue because Valdez was very familiar with the location of the crosswalk. Valdez's own undisputed testimony established that the condition of the pavement markings and location of the yield signs were not substantial factors in bringing about appellant's injuries.

Appellant failed to establish that any acts or omissions by the City or UTPA caused his injuries. *See Sampson*, 2016 WL 3212996, at *6. Because the City and UTPA showed that there was no evidence of proximate cause, the trial court did not err in granting both pleas to the jurisdiction. *See id.* We overrule the appellant's sole issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

DORI CONTRERAS GARZA
Justice

Delivered and filed the
1st day of December, 2016.